■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID POLICANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered January 6, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Criminal possession of a controlled substance in the seventh degree is an inclusory concurrent count that should have been dismissed pursuant to CPL 300.40 (3) (b) as a lesser included offense of criminal possession of a controlled substance in the third degree *(see, People v McKenzie,* 131 AD2d 305, *lv denied* 70 NY2d 714, *lv denied sub nom. People v Hayes,* 70 NY2d 712).

At trial, the defendant made a general objection to the People's request to close the courtroom during the testimony of the undercover police officer. The court then questioned the prosecutor, establishing that the undercover officer was at the time of trial engaged in numerous, serious, pending investigations. The defense counsel made no request for a hearing nor did he dispute the People's contention that the witness's safety would be jeopardized if his identity were made known to the public. On this record, it cannot be said that the court erred in granting the People's request for closure *(see, People v Pollock,* 50 NY2d 547, 550; *People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946; *see also, People v Jones,* 82 AD2d 674, 680).

The defendant next contends that the People failed to prove that he sold cocaine to the undercover police officer. Essentially he contends that the police officer's uncontradicted testimony that the defendant met the undercover officer on a street corner and led the officer into a hallway, where he sold the officer cocaine, should not have been believed by the trier of fact because the police did not recover the prerecorded "buy

money" that the officer used to purchase the cocaine, although the defendant was searched some 10 minutes after the sale. Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's contention that the sentence imposed was excessive and find it to be without merit. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.