■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COBBS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered July 31, 1987, convicting him of robbery in the first degree (three counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 5:30 P.M. on October 17, 1985, the defendant and an unapprehended accomplice entered a Queens beauty salon. While the accomplice stood by the door, gun in hand, the defendant took money from several of the women there.

At trial five eyewitnesses testified. Each described the lighting conditions in the salon at the time of the incident as excellent, and each stated she had ample time and a sufficient opportunity to view the defendant during the robbery. Four of these witnesses identified the defendant at a lineup less than two weeks after the incident. Additionally, every one of the People's eyewitnesses identified the defendant in court.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the defendant produced three witnesses who testified that he was at work with them at the time and date in question, we cannot say that the jury improperly discredited this testimony. Resolution of issues of credibility, as well as the weight to be accorded to the evi-

dence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review (CPL 470.05 [2]) or do not warrant reversal. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.