■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BANKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 2, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant is alleged to have provided a handful of vials filled with crack cocaine to a codefendant who, in turn, handed the vials to another codefendant, who subsequently gave two of the vials to an undercover police officer in exchange for $10 in prerecorded money.

Viewing the evidence adduced at trial in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt (*see, People v Cobbs*, 161 AD2d 723; *People v Policano*, 139 AD2d 773, 774). Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier-of-fact, who saw and heard the witnesses

*(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Policano, supra).* Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.