■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VOGEL, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered September 27, 1988, convicting him of criminal sale of a controlled substance in the first degree and criminal conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with conspiring with other persons to sell nearly six ounces of cocaine to an undercover police officer, by delivering the cocaine to a middleman who thereafter consummated the sale to the officer, and by accepting $6,500 in prerecorded money from the middleman in payment for the drugs.

Viewing the evidence adduced at trial in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt (see, People v Cobbs, 161 AD2d 723). Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; see also, People v Policano, 139 AD2d 773, 774). The jury's determination should be accorded great weight on appeal and will not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

The defendant's contention that he was denied due process of law when the trial court admitted evidence of his potential involvement with a subsequent drug transaction is also without merit. The record reveals that the middleman, at the urging of the police, contacted the defendant and asked whether he could procure an additional three ounces of cocaine for the undercover police officer. The defendant stated that he might be able to comply with the request, but at a later date. This did not constitute evidence of the uncharged crime of attempted criminal sale of a controlled substance in the first degree because the defendant never took a "substantial step" in furtherance of commission of the substantive crime (see, People v Bracey, 41 NY2d 296, 300). Nor was the evidence indicative of a "bad act", the submission of which would unfairly prejudice the defendant as evidence of his propensity toward crime (see, People v Alvino, 71 NY2d 233), especially in light of the curative instruction wherein the trial court admonished the jury not to consider the potential involvement of the defendant in this subsequent drug transaction as evidence of propensity or of predisposition toward committing the charged crimes.

The defendant's other contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.