■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO CANTONE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered December 4, 1978, convicting him of crimi-

nal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. Under the circumstances revealed by this record, there is no merit to defendant's challenge to the closure of the courtroom while the undercover officer testified. At the hearing which preceded closure, the officer disclosed that he was currently engaged in two undercover drug investigations in Nassau County and that there were five "contracts" on his life, two of which were placed by persons on Long Island, and one of which called for his death before he testified in the instant case. The officer further stated that he was the only black agent assigned to the Long Island District Office of the Drug Enforcement Agency. *People v Jones* (47 NY2d 409), cited by the defendant, is distinguishable from the current case because the *Jones* courtroom was closed without a hearing. Moreover, the undercover officer in *Jones* was no longer engaged in undercover activity and six months prior to the trial had been assigned to an area which was distant from his former theater of operations. A related issue derives from the failure of the prosecutor to provide the defendant with information that the codefendant Gourdet had threatened the life of the undercover officer. Evidence of this threat was adduced at an ex parte hearing relative to the closure issue and defense counsel only became aware of Gourdet's threat when a careless court reporter mailed him a copy of the transcript in connection with this appeal. Defendant argues strenuously that under *People v Rosario* (9 NY2d 286) and *Brady v Maryland* (373 US 83) the threat should have been revealed so that it could have been used to impeach Gourdet's credibility. But Gourdet had been vigorously cross-examined and his extensive criminal background and possible motivation in testifying for the prosecution were amply demonstrated. Evidence of the threat thus would have been cumulative and its exclusion by virtue of the failure to disclose does not warrant a new trial (see e.g., *People v Salemi,* 309 NY 208; *People v Patrick,* 182 NY 131). A new trial will not be granted unless the newly discovered evidence creates a reasonable likelihood that it will change the result *(People v Luciano,* 164 Misc 167, affd 251 App Div 887, affd 277 NY 348, cert den 305 US 620). Here, the undercover officer had given devastating testimony which fully implicated the defendant, whose explanation was patently incredible. On this record, it is impossible to see how Gourdet's corroborative testimony could have been further discredited by showing that he had threatened the undercover officer. Therefore, further impeachment would not have changed the trial result. Finally, we conclude that the improprieties in the prosecutor's conduct did not reach the level of the denial of a fair trial to the defendant. Mollen, P. J., Damiani, Lazer and Margett, JJ., concur.