■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRINGTON BOUCHER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered March 9, 1979, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At trial, defendant objected to the closing of the courtroom during the testimony of an undercover officer. At the hearing which preceded closure, the officer testified that he was still actively engaged as an undercover officer and was participating in "buy operations" in drug investigations in Kings County. The officer further revealed that he believed that his life was in danger as a "contract" had been taken out on his life. One of the officer's investigations was taking place within four blocks of the courthouse. Based on the testimony, the court decided that the public should be excluded while the officer testified.

It is well settled that a defendant's fundamental right to a public trial may not be sacrificed for less than compelling reasons (*People v Jones,* 47 NY2d 409, 414-415, *cert denied* 444 US 946). However, under the circumstances of this case compelling reasons to close the courtroom were clearly established (*see, People v Glover,* 57 NY2d 61, 65; *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Cantone,* 73 AD2d 936, *lv denied* 49 NY2d 892). Thus, the court did not abuse its discretion when it ordered the courtroom closed during the undercover officer's testimony.

We have considered defendant's other claims and have found them to be without merit. Mangano, J. P., Gibbons, Bracken and O'Connor, JJ., concur.