■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LEACRAFT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered November 7, 1984, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record clearly establishes that the undercover police officer's viewing of the defendant at the time of his arrest by another police officer occurred five minutes after the drug transaction and was made for the purpose of confirming that the right person had been arrested in this "buy-and-bust" operation. Thus, the viewing was not a police-arranged identification procedure, and no *Wade* hearing was required (see, *People v Gissendanner*, 48 NY2d 543; *People v Morales*, 37 NY2d 262; *People v Marrero*, 110 AD2d 785). Moreover, the hearing court properly permitted the People to proceed with the suppression hearing without requiring the prosecutor to call the undercover officer to testify (see, *People v Petralia*, 62 NY2d 47, *cert denied* 469 US 852).

Lastly, the defendant's contention that he was deprived of a

fair trial due to the ineffective assistance of counsel is without merit. Even though defense counsel's supervisor was present during the trial, a review of the record demonstrates that the representation rendered by trial counsel was competent, effective and meaningful (see, People v Smith, 59 NY2d 156; People v Baldi, 54 NY2d 137). An isolated dialogue with the court which occurred during a sidebar conference outside of the hearing of the jury relating to the presence during the trial of defense counsel's supervisor cannot be said to have had an adverse effect on the defense. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.