■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN FRANCIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schneier, J.), rendered June 21, 1985, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is affirmed.

On the afternoon of August 14, 1984, Police Officer Henson was surveying the area of Mermaid Avenue and West 25th Street, in Brooklyn from the roof of a nearby building with the aid of binoculars when he observed an apparent narcotics sale in which the defendant handed three foil packets which he removed from a folded green shirt, to an individual who was subsequently identified as Thomas Giovanucci in return for a sum of money. Henson radioed his partner, Police Officer Calandrillo, giving him a detailed description of the defendant, his companion and Giovanucci, as well as of their location and activities. Within minutes Officer Calandrillo arrived, displayed his shield to the three men, and told them not to move. As Calandrillo reached for the green shirt lying on a wall near the defendant, the defendant blurted out "That's not my shirt". In the shirt Calandrillo found a cellophane bag containing 12 foil packets of cocaine, and an additional 3 foil packets were recovered from Giovanucci. At the station house shortly thereafter Officer Henson, who had observed the defendant's arrest by Officer Calandrillo, identified the defendant.

On appeal the defendant contends that the admission in evidence of testimony as to Officer Henson's station house identification, without benefit of a lineup or a pretrial *Wade* hearing and ruling as to its admissibility, denied him due process of law since it was unnecessary and suggestive in the context of a case in which the identification of the seller of the narcotics was allegedly a key issue. The defendant's argument is without merit. A few short minutes after Officer Henson had made unobstructed observations of the defendant selling

drugs, he made a confirmatory viewing of the defendant at the station house. This confirmatory viewing by an experienced police officer was not, therefore, an identification procedure, and no *Wade* hearing was required *(see, People v Gissendanner,* 48 NY2d 543; *People v Morales,* 37 NY2d 262; *People v Leacraft,* 128 AD2d 640), nor did it constitute a suggestive showup that might, in the case of a civilian complainant, have resulted in a misidentification *(see, People v Riley,* 70 NY2d 523; *People v Smalls,* 112 AD2d 173, 174). Testimony as to Officer Henson's prompt confirmatory viewing of the defendant as the seller of the narcotics in the transaction he had witnessed was properly admitted during the trial.

The defendant further argues that since the People failed to prove that Officer Calandrillo had probable cause to arrest him, his statement, "That's not my shirt," uttered when he was first in custody, should have been suppressed as the fruit of an illegal arrest. This argument, which was never raised during the *Huntley* hearing or at trial, is unpreserved for appellate review *(People v Jones,* 81 AD2d 22). Moreover, it is apparent from the record that the observing officer had radioed to the arresting officer sufficient and detailed information to lead him to believe that a crime had been committed and that the defendant had committed it. Officer Calandrillo therefore had probable cause to arrest the defendant, and the defendant's spontaneous statement was properly admitted in evidence. Thompson, J. P., Brown, Weinstein and Balletta, JJ., concur.