■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN HAYNES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH GARVIN, Appellant.—Appeals by defendants Haynes and Garvin from judgments of the Supreme Court, New York County (Harold J. Rothwax, J., on motion to dismiss for denial of a speedy trial pursuant to CPL 30.30; Peter J. McQuillan, J., at suppression hearing; Edwin Torres, J., at trial), rendered April 18, 1984, convicting defendants of robbery in the first degree and second degree, and sentencing Haynes as a persistent violent felony offender to three concurrent indeterminate terms of imprisonment of 25 years to life, and defendant Garvin as a violent predicate felon to 10 to 20 years and 7½ to 15 years (two terms), held in abeyance, and the matter is remanded for a hearing on the motion of the defendants to dismiss the indictment for denial of a speedy trial pursuant to CPL 30.30.

As to the defendant Haynes, the People acknowledge that the hearing court erred in denying, without a hearing, his timely filed written motion to dismiss on the claim that he was denied a speedy trial pursuant to CPL 30.30. The hearing court's denial was apparently based on the then widely held interpretation of *People v Giordano* (56 NY2d 524) as holding that delay subsequent to the People's announcement of readiness for trial was irrelevant to a speedy trial motion under CPL 30.30. This interpretation was rejected by the Court of Appeals in *People v Anderson* (66 NY2d 529), decided after the hearing court's denial of the motion.

As to the defendant Garvin, the People contend that his comparable appellate claim must be rejected because he filed no written motion to dismiss, the People citing in this connection CPL 210.20 (1) (g); 210.45 (1), and the interpretation of

these sections set forth in *People v Lawrence* (64 NY2d 200). In an affidavit filed on behalf of Garvin in connection with a motion for a summary remand, Garvin's trial attorney deposed that prior to the determination of the motion he asked the hearing court at an off-the-record conference for permission to join in the Haynes motion, and the request was granted by the hearing court. This claim is not disputed by the People.

Under the circumstances presented, we are persuaded that it would be an overly literal interpretation of the relevant statutory sections, as well as of the Court of Appeals interpretation of them in *People v Lawrence (supra)*, to deny Garvin the opportunity to have the speedy trial issue sought to be raised by him, apparently presenting precisely the same issue as that presented by the Haynes motion, decided on the merits. Accordingly, a remand for an appropriate hearing is directed as to both defendants. Concur—Sandler, J. P., Sullivan, Asch, Milonas and Rosenberger, JJ.