■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHARTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered September 26, 1986, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in directing that the courtroom be closed during the testimony of an undercover officer. At a hearing conducted prior to the officer's testimony, it was revealed that the officer was still working in an undercover capacity with some 200 pending cases, some of which were in the same geographical area as the "buy and bust" case on trial. The officer testified that he was working on a major drug case involving a purchase in the amount of approximately $150,000, which had been receiving attention in the media. Additionally, he stated that he feared for his safety should he be required to testify in other than a closed courtroom. Under the circumstances, the sealing of the courtroom was not inappropriate and did not serve to deny the defendant his right to a fair trial *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Gonzalez,* 135 AD2d 829, *lv denied* 71 NY2d 969).

Nor do we find merit to the defendant's contention that the trial court erred in denying, without a hearing, his motion to suppress his identification by the undercover officer. Insofar as there was an identification of the defendant by the officer after his arrest by the backup team based upon the under-cover officer's description of the defendant, the identification was confirmatory in nature and, therefore, no *Wade* hearing was required *(see, People v Marrero,* 110 AD2d 785; *see also, People v Stanton,* 108 AD2d 688, 689).

We have considered the defendant's other contentions and find them to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.