■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD OSBORNE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered November 6, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant made a general objection to the prosecution's request to close the courtroom during the testimony of an undercover police officer. The defense counsel made no request for a hearing nor did he contest the People's assertion that the witness's safety would be jeopardized if his identity was made known to the public *(see, People v Pollock,*

50 NY2d 547, 550; *People v Policano,* 139 AD2d 773). Nevertheless, the court conducted a hearing which demonstrated that the undercover officer was at the time of trial engaged in several pending investigations and that closure was necessary to protect his safety and the integrity of his ongoing operations *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Gonzalez,* 135 AD2d 829). On this record, we find that the court properly granted the People's request for closure, including the exclusion of the defendant's parents during such closure.

We have examined the defendant's contention that the sentence imposed was excessive and find it to be without merit. Rubin, J. P., Sullivan, Harwood and Balletta, JJ., concur.