■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BOWDEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 20, 1988, convicting him of criminal sale of a

controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant objected to the closing of the courtroom to the public during the testimony of the undercover officer involved in the sale. At the hearing which preceded the closing of the courtroom, the undercover officer testified that he was still assigned to undercover narcotics duty in Queens County and was then involved in several major narcotics operations, one in the area of the courthouse. Based on the testimony, the court decided that the public should be excluded while the undercover officer testified.

While it is true that a defendant's fundamental right to a public trial may not be sacrificed for less than compelling reasons *(see, People v Jones,* 47 NY2d 409; *see also, People v Boucher,* 112 AD2d 310), under the circumstances of this case, the testimony of the undercover officer established compelling reasons to close the courtroom *(see, People v Glover,* 57 NY2d 61, 65; *see also, People v Cantone,* 73 AD2d 936; *People v Boucher, supra).* Thus, the court did not improvidently exercise its discretion in this regard.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant also argues that the jury verdict finding him guilty of criminal sale of a controlled substance in the third degree was against the weight of the evidence. Upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we find that the weight of the evidence adduced at trial clearly establishes that the defendant sold a vial of a form of cocaine known as "crack" to the undercover officer and the undercover officer confirmed by a drive-by identification that the backup team had arrested the proper man.

The sentence imposed was neither harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Eiber and Harwood, JJ., concur.