■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR MCLENNON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered January 4, 1988, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant objected to the closing of the courtroom during the testimony of an undercover officer. At the hearing which preceded closure, the officer testified that she had been assigned to the Brooklyn North Narcotics Area for 17 months, beginning in March 1987. She also stated that she was assigned to ongoing investigations and would be required to testify in Brooklyn courts with respect to those cases. She further testified that her identity as a police officer was unknown to the public and that if it were made public, her life would be threatened and her safety would be jeopardized. In addition, in response to the court's questioning, she testified that she had approximately 75 cases pending, all of which involved narcotics. Based on this testimony, the court decided that the public should be excluded while the officer testified.

It is well settled that a defendant's fundamental right to a public trial may not be sacrificed for less than compelling reasons (People v Jones, 47 NY2d 409, 414-415, cert denied 444 US 946). However, under the circumstances of this case, compelling reasons to close the courtroom were clearly established (see, People v Colon, 71 NY2d 410, 415, cert denied 487 US 1239; People v Glover, 57 NY2d 61, 65; People v Hinton, 31 NY2d 71, cert denied 410 US 911; People v Cantone, 73 AD2d 936). Thus, the court did not improvidently exercise its discretion when it ordered the courtroom closed during the undercover officer's testimony.

The defendant's other contentions are unpreserved for appellate review. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.