■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

GEORGE HUNT, Appellant.—

The defendant argues that his trial counsel's failure to request a *Wade* hearing deprived him of his constitutional right to the effective assistance of counsel. However, an officer's confirmatory viewing is not a police-arranged identification procedure. Therefore, no *Wade* hearing is required *(see, People v Morales,* 37 NY2d 262; *People v Leacraft,* 128 AD2d 640).* Moreover, since the police officer observed the defendant while engaged in a face-to-face sales transaction with him, she had an independent basis for her in-court identification *(see, People v Williams,* 87 AD2d 876, 877).* Nor can it be said that defense counsel's failure to object at trial to the introduction of the money recovered from the defendant's person denied the defendant the effective assistance of counsel. The record indicates that counsel's actions were deliberate and strategic, in that he continually referred to the fact that the prerecorded buy money was not found with the money recovered. It is not the province of this court to "second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800).* Accordingly, we find that the defendant has failed to demonstrate a deprivation of his right to the effective assistance of counsel.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620),* we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94).* Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).* Upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).* Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.