■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADFORD PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered September 20, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as a participant in the drug sale. Viewing the evidence adduced at the trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that soon after the undercover officer in this so-called "buy and bust" operation arrived at the targeted drug-prone corner in Queens, the defendant asked him what he was looking for. The officer responded "nicks", a street term for five dollar vials of crack cocaine. The defendant asked how many and the officer replied two. The defendant then in-

structed the officer to follow him to the next corner where they met the defendant's accomplice. The officer handed the defendant the prerecorded buy money and the accomplice handed two vials of crack cocaine to the defendant, who in turn handed it to the officer. The officer immediately returned to his car and radioed a description of the defendant and his accomplice to the backup team of officers, who apprehended the two perpetrators approximately one minute after the radio communication. The undercover officer then made a confirmatory drive-by identification of the defendant from a distance of 10 to 15 feet to ensure that the backup team had arrested the right individuals.

Furthermore, in light of this evidence we find no merit to the defendant's challenge to the court's charge on his agency defense. Because none of the testimony at trial supports an inference that the defendant was acting as an instrumentality of the undercover officer, no agency charge was required (see, *People v Lam Lek Chong*, 45 NY2d 64; *People v Argibay*, 45 NY2d 45; *People v Guzman*, 156 AD2d 715).

We have examined the remaining contentions advanced by the defendant and find that they are unpreserved for appellate review or without merit. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.