■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RAMIREZ, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered March 30, 1988, convicting defendant, upon a plea of guilty, of criminal sale of a controlled substance in the second degree (Penal Law § 220.41) and sentencing him to an indeterminate term of imprisonment of from seven years to life, unanimously affirmed.

Contrary to defendant's contention, the plea colloquy did not raise the possibility of an agency defense. Under such a theory, a person is not liable for the sale of narcotics if he participates as a "mere extension of the buyer" with no "independent desire or inclination to promote the transaction." *(People v Argibay,* 45 NY2d 45, 53-54, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930.) The defense

does not absolve a person acting as a "middleman—be he a jobber * * * or a broker furthering his own interests by serving both seller and buyer—who thus essentially acts for himself rather than merely as an extension of the buyer". *(People v Roche,* 45 NY2d 78, 83, *cert denied* 439 US 958.) The plea transcript before us clearly establishes that defendant was acting with others to effect the sale of heroin, and that his admitted conduct cannot be construed as that of agent for the undercover officer.

Defendant's argument that the plea allocution was insufficient must also fail. There is no requirement for a "uniform mandatory catechism of pleading defendants". *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub. nom. Robinson v New York,* 393 US 1067.) A review of the plea minutes reveals that defendant's plea was knowingly and voluntarily given, and that he understood both the consequences of his plea and the waiver of rights which accompanied it. *(People v Harris,* 61 NY2d 9.)

With respect to defendant's contention that his sentence was excessive, we note that he was sentenced in accordance with the plea bargain and within statutory guidelines. Having "received the benefit of his bargain", defendant is bound by its terms. *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.