◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON A. LONDON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered September 25, 1986, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Kellam, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony, and the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We do not agree with the defendant's claim that the hearing court erred in finding that there was probable cause for his arrest. The determination of the hearing court, which had the advantage of seeing and hearing the witnesses, should not be set aside unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Mason,* 152 AD2d 750, 751). Here, the defendant sold a quantity of cocaine to an undercover officer during a "buy and bust" operation. The undercover officer promptly transmitted the defendant's description to the arresting officer who could properly rely upon it in making the arrest within a few minutes thereafter *(see, People v Williams,* 146 AD2d 724). The record supports the hearing court's resolution of the credibility issues and its determination that the defendant fit the description of the seller of the drugs transmitted by the undercover officer to the arresting officer.

Further, the court's denial of the defendant's request for a *Wade* hearing was proper inasmuch as the undercover agent's

viewing occurred only minutes after the arrest was made for the purpose of confirming that the right person was arrested. Thus, as the viewing was not a police-arranged identification procedure, no *Wade* hearing was required *(see, People v Gissendanner,* 48 NY2d 543; *People v Wharton,* 143 AD2d 958, *affd* 74 NY2d 921; *People v Davis,* 141 AD2d 831; *People v Leacraft,* 128 AD2d 640; *People v Marrero,* 110 AD2d 785).

In addition, at the time the guilty plea was entered, the court expressly warned the defendant that if he failed to appear on the date set for sentencing, then the court would not only proceed to sentence him in his absence but also to impose a greater sentence than originally promised. The defendant clearly stated on the record that he fully understood the consequences of his failure to appear for sentencing. Thus, he cannot now complain that the court proceeded to sentence him in absentia, since he failed to appear as required, and diligent efforts to locate him failed *(see, People v Christopher R.,* 135 AD2d 584; *People v Davis,* 106 AD2d 657; *cf., People v Parker,* 57 NY2d 136). The sentence imposed was neither a violation of the plea agreement nor excessive *(see, People v Betheny,* 147 AD2d 488; *People v Baessler,* 142 AD2d 585; *see also, People v Kazepis,* 101 AD2d 816). Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.