■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WEAVER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered April 17, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, we find that the defen-

dant's oral request to join in his codefendant's written motion to dismiss the indictment on speedy trial grounds satisfied the requirement in CPL 210.45 (1) that such a motion be made in writing, as the issue was identical for both the defendant and the codefendant *(see, People v Haynes,* 143 AD2d 571; *cf., People v Lawrence,* 64 NY2d 200). Nevertheless, we find that the defendant's motion was properly denied on the ground that it was not made upon reasonable notice to the People, as required by CPL 210.45 (1). The trial of this matter was scheduled to commence on February 21, 1989, but was adjourned to February 23, 1989. Neither the prosecutor nor the court was advised of the defendant's intent to make a speedy trial motion until after the People moved the case to trial on February 23, 1989, and a panel of prospective jurors was waiting outside the courtroom door. At that point, the codefendant's counsel handed the motion papers to the court and served them upon the prosecutor. The motion was made returnable on February 21, 1989, prior to the date the papers were served upon the People. Under the circumstances, we agree with the trial court that the defense counsel's tactics deprived the People of reasonable notice of the motion *(see, People v Lawrence, supra).*

In any event, even if the defendant's motion had been timely made, the sworn allegations in support of the motion did not establish that he was entitled to dismissal of the indictment *(see,* CPL 210.45 [4]). A mistrial had been declared on January 23, 1989. Pursuant to CPL 30.30 (5) (a), the six-month period in which the People were required to announce their readiness for trial commenced on the date the order occasioning the retrial became final *(see, People v Holmes,* 105 AD2d 803; *People v Passero,* 96 AD2d 721; *People v Fudger,* 70 AD2d 703). As the defendant's retrial commenced about one month after the mistrial was declared, his claim that he was denied his right to a speedy trial is without merit.

The defendant further contends that the court erred in closing the courtroom to the public during the testimony of the undercover police officer who was involved in his arrest. At a hearing on the People's application for closure, the officer testified that he was still working in an undercover capacity and that investigations pending in the same geographical area where the defendant was arrested would be jeopardized if his identity as a police officer were revealed. Upon our review of the hearing transcript we find that closure was proper *(see, People v Glover,* 57 NY2d 61; *People v Legette,* 153 AD2d 760;

*People v Wharton,* 143 AD2d 958, *affd* 74 NY2d 921). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.