■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 5, 1989, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The closure of the courtroom during the testimony of an undercover police officer was proper. After a hearing, the court determined that the police officer was still operating undercover in Queens County and that the closure of the courtroom during his testimony was necessary to protect him. The court properly articulated its findings as to the necessity of the closure *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Richards,* 157 AD2d 753; *People v Bowden,* 156 AD2d 372; *People v Wharton,* 143 AD2d 958, *affd* 74 NY2d 921; *People v Policano,* 139 AD2d 773).

The defendant's contention that various comments made by the prosecutor during summation deprived him of his right to a fair trial is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951). In any event, since there was overwhelming evidence of the defendant's guilt, any error was harmless *(see, People v Crimmins,* 36 NY2d 230). Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.