■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered March 7, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in closing the courtroom during the testimony of an undercover police officer. We disagree. The record demonstrates that the court engaged in a careful inquiry of the witness *(see generally, People v Jones,* 47 NY2d 409, 414, *cert denied* 444 US 946). The officer testified that his identity as an undercover officer had never been disclosed to the public in previous trials, that he was involved in ongoing narcotics operations and pending investigations, that he was still working in the community, and that he believed his life would be in jeopardy if his identity were made public. Accordingly, the testimony established the existence of compelling reasons to support the closure of the courtroom *(see, People v McLennon,* 156 AD2d 478; *People v Bowden,* 156 AD2d 372; *People v Osborne,* 154 AD2d 484; *People v Bostick,* 150 AD2d 707).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.