■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REESE AUGUSTINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered February 16, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under Indictment No. 2544/88, the defendant was charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts). The defendant contends that the indictment was defective and, thus, should have been dismissed because there was a six-day lapse between the time the Grand Jury was instructed on the legal principles and definitions pertinent to narcotics cases and the Grand Jury's vote to indict him. We disagree.

On April 26, 1988, the prosecutor instructed the Grand Jury on the law and terminology applicable to narcotics cases, including, *inter alia,* the definition of "acting in concert" *(see,* Penal Law § 20.00), the adequacy of which instruction the defendant does not call into question. The next day, April 27, 1988, the prosecutor presented the case concerning the defendant to the Grand Jury. Five days later, on May 2, 1988, before the Grand Jury voted and returned the indictment, the prosecutor marshaled the evidence at the Grand Jury's request. Further, after marshaling the evidence, the prosecutor expressed her willingness to clarify any terms or applicable law to the Grand Jury, but it declined the offer, demonstrating its continued understanding of the initial instructions. Accordingly, we find that the Grand Jury proceedings were not defective merely because of the six-day lapse between the prosecutor's initial instructions and the Grand Jury's vote to indict the defendant *(see, People v Calbud, Inc.,* 49 NY2d 389, 393-396; *People v Kennedy,* 127 Misc 2d 712). Indeed, the elements of the crimes with which the defendant was ultimately charged were not complex *(see,* Penal Law §§ 220.03, 220.16 [1]; § 220.39 [1]).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Colon,* 71 NY2d 410, *cert denied* 487 US 1239; *People v Jones,* 170 AD2d 622; *People v Weaver,* 162 AD2d 486; *People v Carvey,* 161 AD2d 656, 656-657). Bracken, J. P., Sullivan, Miller and Ritter, JJ., concur.