◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN BROWN, Appellant.—Appeals by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered August 15, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree under Indictment Number

11059/88, upon a jury verdict, and imposing sentence, and from an amended judgment of the same court, also rendered August 15, 1989, revoking a sentence of probation previously imposed by the same court (Demakos, J.), under Indictment Number 4011/84, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal possession of a weapon in the third degree.

Ordered that the judgment and the amended judgment are affirmed.

We find, contrary to the defendant's contention, that the inquiry by the trial court here was sufficient to assure that his right to a public trial was not sacrificed for less than "compelling reasons" as required by the Court of Appeals in *People v Jones* (47 NY2d 409, 415, *cert denied* 444 US 946), and we conclude that the courtroom was properly closed during the undercover officer's testimony. Prior to closure, the undercover officer testified that she had been working in an undercover capacity since March 1988. She was assigned to the Manhattan North Tactical Narcotics Task Force in October 1989 and was actively engaged as an undercover officer at the time of trial. She expected to continue working in the same capacity following completion of the trial. She also made a point of advising the court that she had applied for a transfer back to the Queens office, which she believed might be imminent. She joined in the People's request to close the courtroom during her testimony, expressing her fear that disclosing her identity would jeopardize her safety and compromise her ability to work as an undercover officer free of concern over someone on the street being able to identify her.

As noted by our learned colleague in his dissent, this court has sanctioned closure during the testimony of an undercover police officer who had pending cases, or continued to work actively as an undercover officer in the community or geographic area where he or she was testifying *(see, e.g., People v Weaver,* 162 AD2d 486; *People v Planes,* 158 AD2d 481; *People v McLennon,* 156 AD2d 478; *People v Bowden,* 156 AD2d 372). Active engagement in the community as an undercover narcotics officer is itself a compelling reason that justifies excluding the public from the courtroom, "at least when the fact of such engagement is elicited from the witness [her]self" *(People v Santos,* 154 AD2d 284, 285; *see, People v Carter,* 162 AD2d 218). The rationale in such cases is to "shield the identity of the witness from the public and to preserve not only her

future usefulness, but also her life" *(People v Hinton,* 31 NY2d 71, 75, *cert denied* 410 US 911).

The same rationale applies to this case where the witness continues to work actively as an undercover officer, and reasonably expected that she would be working in the same community where she was about to testify. Under the circumstances, disclosure of the undercover officer's identity to the public posed an articulable threat to her safety and her ability to continue working in such a capacity in the future. We see no need to address the People's proposition that the concept of "community" within this context be construed to include the entire New York metropolitan area.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Miller, O'Brien and Ritter, JJ., concur.

Balletta, J. P., dissents and votes to reverse the judgment and amended judgment, to order a new trial with respect to Indictment Number 11059/88, and to remit Indictment Number 4011/84 to the Supreme Court, Queens County, for further proceedings, with the following memorandum: Although many of us, myself included, may agree with the Trial Judge's statement that: "There is no question, the very nature and characteristic of their title 'undercover' is clearly demonstrable of the fact that her identity or the person's identity is not to be made known to the public", especially in today's day and age when the criminal elements of our society no longer hesitate to kill a police officer, the Court of Appeals has yet to indicate that an officer's undercover status per se warrants closure of the courtroom. In *People v Jones* (47 NY2d 409, *cert denied* 444 US 946), the court said, "[W]e never suggested that, absent real jeopardy, such an [undercover] agent's appearance on the stand, without more, would sanction an exclusion order" *(People v Jones, supra,* at 414).

"[N]o closing can be tolerated that is not preceded by an inquiry careful enough to assure the court that the defendant's right to a public trial is not being sacrificed for less than compelling reasons" *(People v Jones, supra,* at 414-415). The trial court's discretion to close the courtroom is to be "sparingly exercised and then, only when unusual circumstances necessitate it" *(People v Hinton,* 31 NY2d 71, 76, *cert denied* 410 US 911). The closure of a courtroom without an adequate basis represents a serious infringement upon a criminal defendant's constitutional right to a public trial and is reversible per se *(see, People v Jones, supra,* at 417; *People v Thompson,* 151 AD2d 626).

Initially, in the case at bar, the court was apparently content to rely on its own unparticularized impressions of the vicissitudes of undercover narcotics work and ordered closure. However, pursuant to the prosecutor's suggestion, the court subsequently conducted a hearing. The undercover officer testified at trial that she was then working as an undercover narcotics officer with the Manhattan North Tactical Narcotics Task Force. The witness had previously worked in Queens County but, at the time of trial, she had been out of Queens for some eight months and, other than the instant case, she had no other matters pending in Queens. The undercover officer expressed the need for closure because she was an active undercover officer and, as such, her safety and the secrecy of her identity were important. While the undercover officer stated that she had a pending transfer application to Queens County and while she suggested that such a transfer might be imminent, there is nothing in the record to indicate that her application had been acted upon or that she would indeed be transferred to Queens County.

This is clearly not a situation where the undercover officer had pending cases or was actively working in the community or geographic area of the crime. In *People v Weaver* (162 AD2d 486), this court sanctioned courtroom closure where the undercover officer had investigations pending in the same geographical area in which the defendant was arrested which would be jeopardized if his identity were revealed. Likewise, in *People v Planes* (158 AD2d 481), closure was sanctioned where the undercover officer was actively involved in ongoing investigations in the same county in which she was testifying *(see, e.g., People v McLennon,* 156 AD2d 478; *People v Bowden,* 156 AD2d 372; *People v Tinsley,* 145 AD2d 448; *People v Boucher,* 112 AD2d 310). While the realities of modern-day drug trafficking should not be ignored, the case law does not support the People's proposition that the concept of "community" within this context includes the entire New York metropolitan area.

Under the current state of the law, the closure of the courtroom in this case would sacrifice the defendant's right to a public trial for less than compelling reasons since there has been an insufficient factual showing that an exception to the norm of a public trial is justified. Accordingly, unless and until the Court of Appeals softens its stance in this regard, I feel constrained to vote that the trial court committed reversible error by granting closure *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946, *supra).*