■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GLAUDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 28, 1989, convicting him of criminal possession of a controlled substance in the first degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defense counsel made a general objection to the prosecution's request to close the courtroom during the testimony of an undercover police officer. Counsel did not request a hearing or contest the prosecutor's assertion that the witness's safety and future effectiveness would be compromised if his identity were made known to the public *(see, People v Osborne,* 154 AD2d 484; *People v Pollock,* 50 NY2d 547, 550). Nevertheless, the court conducted a *Hinton* hearing *(see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) which demonstrated that the witness was, at the time of trial, still working in an undercover capacity in numerous cases, some of which were pending in the same geographic area as the case on trial *(see, People v Wharton,* 143 AD2d 958, *affd* 74 NY2d 921). Accordingly, the court properly determined that closure was necessary to protect the undercover police officer's safety and the integrity of his ongoing investigations *(People v Richards,* 157 AD2d 753, *affd* 77 NY2d 969).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.