◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON ALARCON, Also Known as NELSON ALACRON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 12, 1989 convicting him of attempted robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the integrity of the Grand Jury proceedings leading to his indictment was impaired because there was a 13-day hiatus between the time the Grand Jury was instructed on the applicable standards of proof, i.e., reasonable cause to believe the defendant committed an offense and legal sufficiency of the evidence (CPL 190.65 [1]), and the time the Assistant District Attorney presented the testimony and submitted the relevant charges to the Grand Jury. We disagree.

The prosecutor's initial instructions to the Grand Jury on the standard of proof were correct. Moreover, prior to submitting the case to the jurors for a vote, immediately after they had heard the evidence and had been instructed on the

elements of the crimes, the prosecutor reminded the jurors that they had "previously been instructed on the appropriate standards of law to be applied, namely: legal sufficiency of evidence, as well as reasonable cause to believe". At this point, the Assistant District Attorney also asked the jurors if they had any questions. While two inquiries relating to the robbery counts were posed by the jurors, no questions were raised as to the legal standards to be applied, demonstrating the jurors' continued understanding of the initial instructions *(see, People v Augustine,* 172 AD2d 843). Accordingly, we find that the prosecutor fulfilled her obligation to "provide[] the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed [by the defendant] and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" *(People v Calbud, Inc.,* 49 NY2d 389, 394-395; *see, People v Augustine, supra),* and that the Grand Jury proceedings were not defective. Nor were the prosecutor's instructions as to the elements of the crimes submitted for the Grand Jury's consideration confusing.

Finally, we perceive of no basis for substituting this court's discretion for that of the sentencing court *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.