■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE NICHOLS, Appellant. [594 NYS2d 349] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered April 30, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that the trial court erred in refusing to specifically charge the jury as to discrepancies in the People's witness's identification of the defendant as the seller of drugs. We disagree. The trial court need not give a fact specific charge as to identification but may give a general instruction on weighing credibility and state that the identification must be proven beyond a reasonable doubt by the

People *(see, People v Whalen,* 59 NY2d 273, 279). We find that the trial court's charge was sufficient to give the jury guidelines to determine the identification issue. Moreover, the defense counsel sought a charge highlighting identification discrepancies only after the court had complied with his earlier request not to marshal the evidence.

The defendant also contends that there was legally insufficient evidence to prove that he was the seller of the drugs. However, this issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction *(see, People v Carolina,* 112 AD2d 244, 245). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.