■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STAN NORWOOD, Appellant. [596 NYS2d 713] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered May 1, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested a few minutes after a buy-and-bust operation in which an undercover police officer purchased, using prerecorded money, two vials of crack cocaine from the defendant. However, no drugs or prerecorded money were recovered. The defendant was convicted of criminal sale of a controlled substance in the third degree.

On appeal, the defendant argues that he was merely an innocent bystander, not the seller, of the crack cocaine. However, the defendant has failed to preserve for appellate review the issue of the legal sufficiency of the evidence *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, contrary to the defendant's contentions, the evidence was legally sufficient to support his identification as the seller beyond a reasonable doubt *(see, People v Perry,* 159 AD2d 593; *People v Bowden,* 156 AD2d 372). That neither drugs nor prerecorded money was recovered is not dispositive *(see, People Vickers,* 177 AD2d 608; *People v Griffith,* 171 AD2d 678).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.