■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES THOMPSON, Appellant. [608 NYS2d 674] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered June 2, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the court erred in rendering its *Sandoval* ruling. We disagree. A *Sandoval* ruling is addressed to the sound discretion of the hearing court *(see, People v Pavao,* 59 NY2d 282; *People v Mackey,* 49 NY2d 274; *People v Sandoval,* 34 NY2d 371). We find the court did not improvidently exercise its discretion. The record indicates that the trial court weighed the competing factors when it limited inquiry on cross-examination to five misdemeanors and two drug-related felonies without discussion of the underlying facts *(see, People v Pavao, supra; People v Williams,* 56 NY2d 236; *People v Sandoval, supra).* Further, the mere similarity between the prior felony convictions and the crime charged was insufficient to preclude its use on cross-examination *(see, People v Rahman,* 46 NY2d 882; *People v Hendrix,* 44 NY2d 658).

The defendant contends that the undercover officer's testimony regarding the description of the seller which he transmitted to the arresting officer by radio constitutes bolstering in violation of *People v Trowbridge* (305 NY 471). This argument is without merit. The testimony, together with that of the arresting officer who received the description, provided a necessary explanation of the events which precipitated the defendant's arrest *(see, People v Cardona,* 173 AD2d 364; *People v Sarmiento,* 168 AD2d 328, *affd* 77 NY2d 976; *People v Candelario,* 156 AD2d 191; *People v Love,* 92 AD2d 551).

The defendant further contends that the court's charge on the issue identification was inadequate. We disagree. The Supreme Court's identification charge was adequate under the circumstances of this case since the court instructed the jury that identification had to be proven beyond a reasonable doubt and provided the jury with general instructions in weighing a witness's credibility *(see, People v Whalen,* 59 NY2d 273, 279; *People v Foxworth,* 197 AD2d 703; *People v Nichols,* 191 AD2d 518).

The closure of the courtroom during the testimony of the undercover police officer was proper, since it was determined at a hearing that the undercover officer was still operating in a particular location readily accessible to the defendant and closure was necessary to protect his safety and the integrity of ongoing investigations *(see, People v Martinez,* 82 NY2d 436; *People v McLennon,* 156 AD2d 478; *People v Bowden,* 156 AD2d 372; *People v Osborne,* 154 AD2d 484). The defendant's remaining contentions are without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.