■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HOSIEN, Appellant. [612 NYS2d 203] —Appeal by the defendant from (1) an amended judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered May 7, 1992, revoking a sentence of probation previously imposed by the same court (Buchter, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree, under Indictment No. 12500/91, upon his plea of guilty, and (2) a judgment of the same court (Rosenzweig, J.), also rendered May 7, 1992, convicting him of criminal sale of a controlled substance in the third degree, under Indictment No. 13173/91, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment and the judgment are affirmed.

The defendant's claim that his plea of guilty under Indictment No. 12500/91 is defective because he raised an agency defense during the allocution is not before this Court, since the defendant did not appeal from the original judgment which resulted from the plea of guilty (see, CPL 470.05 [2]; People v Correa, 118 AD2d 651; People v Mackey, 77 NY2d 846; People v King, 195 AD2d 290; People v Prescott, 180 AD2d 654). In any event, the defendant's plea allocution did not raise the possibility of an agency defense but rather, indicated that the defendant was a seller of cocaine (see, People v Ramirez, 159 AD2d 375).

With respect to the proceedings under Indictment No. 13173/91, we find that the trial court properly ordered the closure of the courtroom during the testimony of the undercover officer after holding a Hinton hearing (see, People v Hinton, 31 NY2d 71, 76, cert denied 410 US 911). The undercover officer testified that he was working on five pending investigations involving long-term buys in the same vicinity where the defendant was arrested and where the undercover officer previously worked, and that disclosure of the undercover officer's identity would endanger his safety and jeopardize those operations (see, People v Martinez, 82 NY2d 436; People v Glover, 57 NY2d 61, 65; People v Thompson, 202 AD2d 456; People v Brown, 172 AD2d 844, 845; People v Weaver, 162 AD2d 486, 487).

Viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d

620), we find that it was legally sufficient to establish the defendant's guilt and to disprove his agency defense beyond a reasonable doubt (see, Penal Law § 20.00; *People v Herring,* 83 NY2d 780; *People v Flayhart,* 72 NY2d 737, 741; *People v Williams,* 172 AD2d 448, *affd* 79 NY2d 803; *People v Overton,* 168 AD2d 575). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Lawrence and Goldstein, JJ., concur.