■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MITCHELL, Appellant. [618 NYS2d 457] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 6, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied a motion to strike prospective juror number five for cause *(see,* CPL 270.20 [1] [b]; *People v Blyden,* 55 NY2d 73; *People v Williams,* 63 NY2d 882, 885; *People v Pagan,* 191 AD2d 651). Moreover, the Supreme Court properly determined that the defendant was not entitled to pretrial discovery but that he could inspect the vials of cocaine after they were admitted into evidence at trial *(see, People v White,* 40 NY2d 797, 798).

The Supreme Court properly ordered the closure of the courtroom during the testimony of the undercover police officer. The undercover police officer testified at a closed hearing that two to four times a week he worked in the same area and in the same precinct where the defendant had been arrested, that he had several "lost subjects" (i.e., persons from

whom he had bought drugs who had not been apprehended) in that area, that he had a pending case arising from a transaction that he had made the day before the hearing, and that he feared for his own safety and the safety of other officers for whom he worked as a "ghost" or back-up officer (see, People v Martinez, 82 NY2d 436; People v Glover, 57 NY2d 61, 65; People v Jones, 47 NY2d 409, 417, cert denied 444 US 946; People v Jamison, 203 AD2d 385; People v Thompson, 202 AD2d 456; People v Brown, 172 AD2d 844, 845; People v Weaver, 162 AD2d 486, 487).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.