■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant. [625 NYS2d 287] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered July 17, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that he was denied his right to a public trial (see, US Const 6th Amend; Civil Rights Law § 12; Judiciary Law § 4) when the trial court directed the closure of the courtroom during the testimony of an undercover officer. We agree. At the Hinton hearing (see, People v Hinton, 31 NY2d 71, cert denied 410 US 911), the undercover officer testified merely that for the prior 2½ years she has been a member of Brooklyn South Tactical Narcotics Team, she has

made approximately 175 "buys" in that time, there have been approximately 10 lost subjects during that time, and she has been threatened 10 to 15 times. The undercover officer did not testify that she was involved in ongoing investigations which would be jeopardized if her identity were disclosed *(cf., People v Hosien,* 204 AD2d 658), nor does the record reflect that the undercover officer was still operating in the locale of the defendant's arrest, or expected to return there *(cf., People v Jamison,* 203 AD2d 385). The People's perfunctory showing was insufficient to meet the standard for closure as enunciated by the Court of Appeals *(see, People v Martinez,* 82 NY2d 436) and the trial court improvidently exercised its discretion in closing the courtroom to the general public during the undercover officer's testimony.

Based on the foregoing determination, we find it unnecessary to review the defendant's remaining contention. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.