◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DUKE, Appellant. [653 NYS2d 363] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latorella, J.), rendered April 4, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improperly direct the closure of the courtroom during an undercover police officer's testimony. The officer testified that he would soon be returning to work in the area where the defendant was arrested. This Court has repeatedly held that when the officer so testifies and closure is necessary to protect his safety, the requirements for closure under *People v Martinez* (82 NY2d 436) have been met *(e.g., People v Mitchell,* 209 AD2d 444; *People v Thompson,* 202 AD2d 454; *People v Skinner,* 204 AD2d 664).

The defendant claims that the presence of an unexplained

heat seal on the envelope containing the narcotics indicates that someone may have tampered with the contents of the envelope, and so severed the chain of custody as to require dismissal of the indictment. This contention is without merit. While the unexplained heat seal could have affected the weight of the evidence, as the defendant argued on summation, it does not suggest "any prejudicial alteration of the contents of the drugs initially seized" *(People v Julian,* 41 NY2d 340, 344; *People v Espino,* 208 AD2d 556).

Finally, contrary to the defendant's contention, the trial court properly concluded that the prosecution's use of peremptory challenges was not pretextual *(see, Batson v Kentucky,* 476 US 79; *People v Richie,* 217 AD2d 84). Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.