■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CRIDER, Appellant. [654 NYS2d 29] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 15, 1995, convicting him of criminal sale of controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence adduced at the *Hinton* hearing (see, *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911) supported the trial court's decision to close the courtroom during the testimony of an undercover of-

ficer. That officer's supervisor testified that the officer and his team were involved in a long-term narcotics operation targeting members of a group or organization who had committed homicides. The supervisor stated that he believed that this group was responsible for homicides in the area of the defendant's arrest. The undercover officer would, in the near future, be sent into the area of the defendant's arrest for further undercover investigation. Such testimony meets the requirements for courtroom closure under *People v Martinez* (82 NY2d 436; *(see, e.g., People v Mitchell,* 209 AD2d 444; *People v Hosien,* 204 AD2d 658; *People v Nieves,* 232 AD2d 305).

The bulk of the defendant's claims under *Batson v Kentucky* (476 US 79) are not preserved for appellate review *(see, People v Allen,* 86 NY2d 101, 111). In any event, the trial court properly concluded that the prosecution's use of peremptory challenges was not pretextual *(see, People v Richie,* 217 AD2d 84). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.