■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAUSTINO ROSARIO, Appellant. [665 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered November 28, 1995, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the evidence at the *Hinton* hearings (*see, People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911), including the testimony of the two undercover officers that they would be returning to the area where the defendant was arrested for additional undercover work, and had been

threatened by people who sold narcotics to them, established the existence of an overriding interest which was likely to be prejudiced unless the courtroom was closed while they testified (*see, People v Ayala,* 90 NY2d 490; *People v Martinez,* 82 NY2d 436; *People v Duke,* 235 AD2d 547). Furthermore, the defendant's argument that it was not shown that the closure of the courtroom was no broader than necessary, or that the court considered reasonable alternatives, is unsupported by the record. The defense attorney objected to closing the courtroom solely on the ground that it would leave the jury with the impression that the defendant was dangerous, and there is no indication that there were any particular people the defendant wanted present who were excluded as a result of the closure (*see, People v Pearson,* 82 NY2d 436; *compare, People v Kin Kan,* 78 NY2d 54). The trial court clearly alleviated the defendant's concerns about the jury drawing impermissible inferences by acceding to his request that a sign be put on the courtroom door indicating that the courtroom was closed and instructing people not to knock, so that the jury would never be aware of the closure. Thus, the trial court's closure of the courtroom during the testimony of the two undercover officers did not violate the defendant's right to a public trial.

Moreover, the defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.