OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We cannot say that, upon dismissing count one of the indictment for insufficiency of the evidence, the Appellate Division took inappropriate action in ordering a new trial on the remaining counts, which the trial court had charged the jury not to consider if they found the defendant guilty under the first count. A reduction to reflect a conviction *978 for a lesser included offense is not mandated in such event.* CPL 470.15 (subd2) provides in pertinent part that “ [t]he ways in which [an intermediate appellate court] may modify a judgment include, but are not limited to, the following: (a) Upon a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant’s guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense, the court may modify the judgment by changing it to one of conviction for the lesser offense”. The use of the word “may” contained within this statute must be emphasized in examining the action taken below.
We note that we are not presented with a situation similar to that in People v Dlugash (41 NY2d 725), since the present, appeal did not involve the dismissal of a single-count indictment for which there could be no retrial (see People v Mayo, 48 NY2d 245) and, hence, we do not deal further with this issue.

 Contrary to the analysis and suggestion articulated in the dissent (p 979), CPL 470.20 (subd 4) cannot be read to require a reduction and affirmance where there is legally sufficient evidence to support only a conviction for a lesser included offense. The statute provides that “[u]pon a modification of a judgment after trial which reduces a conviction of a crime to one for a lesser included offense, the court must remit the case to the criminal court with a direction that the latter sentence the defendant accordingly”. Rather than mandating specific corrective action, this statute merely sets forth the steps to be taken concerning the defendant’s sentence after the intermediate appellate court has in fact reduced the conviction to one for a lesser included offense. Obviously, this statute does not require a reduction by the intermediate appellate court. Nor do we read the order of the Appellate Division in this case, although recited to have been made “on the law”, as intended to reflect a holding that the court was required as a matter of law to grant a new trial or that the possibility of a reduction was not an alternative available to the court for adoption in its discretion.