■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS PASSERO, Appellant. — Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: Defendant appeals from a conviction of possession of gambling records in the first degree. There must be a reversal. Defendant had earlier been convicted of the same crime. On appeal we reversed that conviction and remanded defendant for a new trial (*People v Passero,* 74 AD2d 726). The People sought leave to appeal to the Court of Appeals, which motion was denied by that court on June 30, 1980 (*People v Passero,* 50 NY2d 1004). Thus, for purposes of determining the right of defendant to a speedy trial, the criminal action commenced on June 30, 1980, the date on which the order occasioning the retrial became final (CPL 30.30, subd 5, par [a]). The People were required to announce their readiness for trial

on or before December 30, 1980. That the case involved a retrial following an earlier conviction does not relieve the People from compliance with the "statement of readiness" rule delineated in *People v Hamilton* (46 NY2d 932) (see *People v Tamulewicz,* 88 AD2d 698; *People v Dillard,* 79 AD2d 844). In the instant case, following our reversal, no further judicial proceedings were sought nor apparently needed. Thus, the People's communication to the court of readiness for trial in January, 1981, without any showing of excludable periods, falls without the mandate of CPL 30.30 and is untimely. The People may not rely on the existence of defense motions made in connection with another case to excuse their delay where the issues in the other case had no bearing on the instant indictment (cf. *People v Dean,* 45 NY2d 651, 658; *People v Rarback,* 40 NY2d 922, 923). (Appeal from judgment of Supreme Court, Monroe County, White, J. — possession of gambling records, first degree.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.