■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HOLMES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered December 22, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of defendant's motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial (CPL 30.30).

Judgment reversed, on the law, motion to dismiss indictment granted, indictment dismissed and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Pursuant to CPL 30.30 (subd 1, par [a]; subd 4) the People must announce their readiness for trial within six months of the commencement of a criminal proceeding charging the defendant with a felony, less certain excludable periods.

At an earlier trial, defendant was convicted of robbery in the first degree, but that conviction was reversed and a new trial was directed by order of this court dated August 14, 1979 (*People v Holmes,* 71 AD2d 904). The People appealed from that order, and the Court of Appeals affirmed in a decision dated February 17, 1981 (*People v Holmes,* 52 NY2d 976). The People subsequently announced their readiness for trial in open court on September 15, 1981.

CPL 30.30 (subd 5, par [a]) states that: "(a) where the defendant is to be tried following the withdrawal of the plea of guilty or is to be retried following a mistrial, an order for a new trial or an appeal or collateral attack, the criminal action and the commitment to the custody of the sheriff, if any, must be deemed to have commenced on the date the withdrawal of the plea of guilty or the date the order occasioning a retrial becomes final".

In this case, the order of this court which occasioned a retrial became final when it was affirmed by the Court of Appeals on February 17, 1981 and the six-month period thus began to run on that date (cf. *People v Gaggi,* 102 AD2d 422; *People v Passero,* 96 AD2d 721). Hence, the People were required to be ready for trial on or before August 17, 1981, and since the defendant demonstrated their failure to do so, the People bear the burden of proving that some of the applicable six-month period is excludable (*People v Berkowitz,* 50 NY2d 333, 348-349).

At the hearing held on the defendant's speedy trial motion, the People contended that they needed a reasonable amount of time to obtain a transcript of the prior trial and locate their complaining witness. However, a review of the record reveals a failure to prove that the District Attorney exercised due diligence in the attempt to locate the witness or obtain the transcript and hence the exclusion of any period of time based on these claimed exceptional circumstances is not warranted (CPL 30.30, subd 4, par [g], cl [i]; *People v Zirpola,* 57 NY2d 706, 708).

Although an adjournment on consent from June 29 to July 22 concededly results in the exclusion of 23 days in computing the six-month period, the People did not move this case to trial until 29 days after the expiration of the six-month period, and thus were six days late.

Defendant's speedy trial motion should, therefore, have been granted.

In light of our determination, defendant's other contentions need not be reached. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.