*666 OPINION OF THE COURT
Albert D. Koch, J.
On March 7, 1988 the defendants in this case were charged and arraigned on a felony complaint in the Criminal Court of Kings County with the crimes of attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50 [1]), attempted sodomy in the third degree (Penal Law §§ 110.00, 130.40 [2]), rape in the first degree (Penal Law § 130.35 [1]), rape in the third degree (Penal Law § 130.25 [1]), sodomy in the first degree (Penal Law § 130.50 [1]), sodomy in the third degree (Penal Law § 130.40 ), sexual abuse in the first degree (Penal Law § 130.65 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]). The matter was put over until April 18, 1988, at which time the People moved to reduce the charges to misdemeanors pursuant to CPL 180.50.
The court at that time indicated its intent to grant the People’s reduction and made a notation of the proposed reduction on the felony "yellow back” attached to the Criminal Court file in the portion entitled "Charges reduced to” and listed "110/130.20 (4), 110/130.20, 130.20, 260.10.” A misdemeanor "blue back” was then attached to the Criminal Court file. The purportedly reduced charges were listed by their Penal Law number on this blue back as "110/130.20 (2 cts), 110/130.20”. The matter was adjourned to May 12, 1988. .
When the matter was finally brought on for trial on March 9, 1989 in Bench Trial Part 7 the defendants, alleging that both their statutory CPL 30.30 right and their constitutional speedy trial right were violated, moved this court to dismiss all charges against them. It is their contention that since the court failed to comply with the conversion requirements mandated by CPL 180.50 (3) (a) that the misdemeanor accusatory instrument before the court is jurisdictionally defective.
The People’s position is that the court’s manner of execution of this reduction, whether or not it fully complied with the standards set forth in CPL 180.50 (3) (a), was fully and totally within the control of the court and that the People cannot be penalized for the court’s failure to properly endorse its own paper work. Additionally, the People maintain that the question of their readiness to try the "reduced” charges has no relationship to the court’s compliance with CPL 180.50 (3) .
In the alternative, the People allege that even if the case was not properly reduced, the timely motion to reduce made *667 on April 18, 1988, with the defendants present, should be viewed as a motion still under consideration by the court. This rationale would theorize that the court could only finalize its decision to allow the reduction by properly converting the felony complaint or directing that one of the other methods of reduction indicated in CPL 180.50 be utilized and that this entire time would be excludable to the People under CPL 30.30 (4).
The People also contend that, in any event, all times in which the defendants consented to or requested an adjournment, particularly when defendants and the People both believed that the charges were reduced, is excludable. The People assert that an analysis of the time period between the filing of the felony complaint and the filing of the instant motion reveals sufficient excludable time pursuant to CPL 30.30 (4) which mandates denial of defendants’ motion to dismiss.
In the instant case, all of the parties including the court, believed that the charges had been reduced to misdemeanors. Based upon this reliance, the resulting disadvantage (depending on the perspective of the parties) is, at first blush, a compelling incentive for a Judge, in the interest of justice, to distinguish People v Minor (144 Misc 2d 846), and put an end to its apparent harshness. However, Minor set forth binding guidelines which vitiated the good intent of the parties and eliminated any argument based upon "blame”.
Each of the positions raised by the People, while appearing logical and fair-sounding, skirts the main issue. Until a jurisdictionally sufficient misdemeanor accusatory instrument is properly substituted by conversion or otherwise the matter is not properly reduced. As stated in Minor (supra, at 848): "An attempted reduction of a felony complaint, even though acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending”.
While still a felony, there, of course, can be no way that the People can declare their readiness nor sustain such a claim until a Grand Jury votes an indictment and the defendants are arraigned thereon. Very simply, if this case has not been reduced, this court is without authority to consider a motion to dismiss under CPL 30.30. Until such time as a proper reduction, pursuant to CPL 180.50, has been accomplished, CPL 30.30 (1) (a) time applies.
*668 Viewed from the perspective that this court granted the application for a reduction, there is still a jurisdictional frailty until the defendants are charged via a proper accusatory instrument. Upon the granting of the motion for reduction, the original felony complaint no longer was a viable accusatory instrument. The defendants’ case was then in a state of limbo. They have not been thereafter arraigned upon either a properly converted accusatory instrument or any other accusatory instrument provided for by CPL 180.50.
All times thereafter until this defect is remedied are chargeable to the People. This is not the case where, by action or deed, the defendants, being faced with a misdemeanor complaint, waived their rights to prosecution by a misdemeanor information. No misdemeanor accusatory instrument was ever in place. If the case remains a felony no CPL 30.30 motion would lie. If the case remains a felony it could be dismissed with leave to present and the issue of excludability could and need not be determined by this court (cf., People v Worley, 66 NY2d 523).
Since the intent of the parties and the court was to reduce, I find the case was reduced and until the proper steps are taken, the nomenclature of attempted reduction is proper, the attempt would be completed upon compliance. Until that compliance is accomplished, periods of excludability are not appropriate.
The People had six months (or until Sept. 7, 1988) to be ready. During the six-month period of time there was no jurisdictionally sufficient misdemeanor accusatory instrument nor a jurisdictionally sufficient felony accusatory instrument. Pursuant to People v Colon (59 NY2d 921), People v Sturgis (38 NY2d 625) and People v Arturo (122 Misc 2d 1058), there exists a requirement, with respect to excludability, of causality (with certain exceptions). As stated in People v Thompson (111 Misc 2d 521, 523): "CPL 30.30 (subd 4) was never intended to allow the District Attorney to suspend work on fundamental tasks assigned to him and still within his capacity to accomplish simply because other events are taking place which he may view as potentially excludable.”
In reviewing the official court records, the periods of delay alleged to be consent adjournments and thereby excludable need further scrutiny. People v Worley (supra) has held that in consenting, the defendant has waived the delay. However, the *669 Worley court did further state, regarding defendant’s pretrial motions and requested adjournments (at 527): "Those delays have been caused by the defendant for his own benefit, and with the court’s permission, under circumstances in which both the defendant and the court have determined that the adjournment is desirable. In view of the defendant’s express waiver of the delay, the People are not required to causally trace their lack of readiness to defendant’s actions before the court is warranted in excluding the periods resulting from adjournments authorized by subdivision 4 (a) and (bj.” (Emphasis supplied.)
In the instant case, any consent by the defendants and subsequent permission by the court was induced by a mistaken belief that a jurisdictionally sufficient information existed. In reality, the information did not exist and, consequently, there would have been no benefit to defendants and the court would not have deemed the adjournment desirable. If this case was truly in "felony posture” — i.e., awaiting indictment, defendants would not have been asked or required to file motions; they would not and could not have asked for bills of particular nor made discovery demands. The "consent” adjournment and/or misdemeanor motion practices would not be excludable thereby adding to the six-month period. That could not have been the legislative intent.
Further, the allegedly jurisdictionally sufficient information upon which defendants made their motions and consented to for adjournments was "invalid and of no legal effect”. Therefore, it follows that these adjournments also are invalid and of no legal effect and, consequently, cannot be excluded. They are therefore chargeable to the People pursuant to Minor (144 Misc 2d 846, supra). In order to rule differently (although admittedly more equitably) this court would have to overturn the decision by its own Appellate Term in People v Minor (supra).
Reviewing the case in that light and coupling it with the causality requirements of Colon (supra), Sturgis (supra) and Arturo (supra), the court finds all of the time periods from March 8, 1988 until March 9,1989 chargeable to the People.
Accordingly, defendants’ motion to dismiss is thereby granted.