■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL CHANG, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated October 26, 1990, which granted the defendant's motion to dismiss Indictment Number 6366/89 pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The prior factual and procedural history of this matter was set forth at length in our prior decision concerning the defendant's proceeding pursuant to CPLR article 78 *(see, Matter of Chang v Rotker,* 155 AD2d 49). For the purposes of this appeal, however, we note the following additional facts. The People announced their readiness on May 24, 1989, at which

time only 139 days of delay were chargeable to the People. However, since the defendant shortly thereafter commenced a proceeding pursuant to CPLR article 78, the case was removed from the trial court's calendar. Subsequent to our decision and judgment dismissing that proceeding, the case remained off the court's calendar for 150 days, when the court restored it *sua sponte*. The defendant then moved pursuant to CPL 30.30 to dismiss the indictment, claiming that the 150 days of postreadiness delay should be charged to the People, and that those 150 days plus the 139 days of prereadiness delay exceeded the six months afforded to the People by CPL 30.30 (1) (a). The People do not dispute the court's calculation of 139 days of prereadiness delay, but argue that they should not be charged with the 150 days after the proceeding pursuant to CPLR article 78 was decided.

We agree with the People and reject the court's conclusion that the 150 days of postreadiness delay should be chargeable to them. While we recognize that the primary responsibility for assuring prompt prosecution rests with the People *(see, People v Staley,* 41 NY2d 789), CPL 30.30 only ensures the People's readiness and not a speedy trial *(see, People v McKenna,* 76 NY2d 59, 62-63; *People v Sinistaj,* 67 NY2d 236, 239; *People v Worley,* 66 NY2d 523, 527; *People v Brothers,* 50 NY2d 413, 417). While prereadiness and postreadiness delays may be added together for purposes of determining whether the People have satisfied their obligations under CPL 30.30, postreadiness delays generally should not be charged to the People unless they have a direct relation to the People's readiness or lack thereof *(see, People v McKenna, supra; People v Anderson,* 66 NY2d 529). Here the People had announced their readiness prior to the commencement of the proceeding pursuant to CPLR article 78 and well within the time afforded by CPL 30.30 (1) (a). The mere fact that the case was not restored to the court's calendar had no bearing on the People's readiness to proceed. There is simply nothing else in the record to indicate that the People were not ready to proceed. Additionally, given that courts maintain control over their calendars, it is not even clear that had the People asked that the case be restored or again announced their readiness, that such a request would have been granted *(see, Matter of Morgenthau v Gold,* 69 NY2d 735). Finally, since the defendant commenced the proceeding pursuant to CPLR article 78, it is questionable whether any subsequent delay could be considered the People's delay *(see, People v Anderson, supra).* Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.