OPINION OF THE COURT
Carolyn E. Demarest, J.
Defendant moves for dismissal based upon the grounds that he was denied a speedy trial pursuant to CPL 210.20 and 30.30. Motion is granted.
Defendant was arraigned in Criminal Court on November 2, 1986. Time began to run against the People at that time. The indictment was filed on December 29, 1986. The time between the filing of the felony complaint and the filing of the indictment is chargeable to the People, for a total of 57 days.
The defendant was arraigned on the indictment in Supreme *669 Court on January 8, 1987. While the period between the filing of the indictment and the arraignment is excludable under certain circumstances, such as the defendant being without counsel, there is no real evidence that any of these circumstances existed at this time. Accordingly, the 10 days between the filing of the indictment and the arraignment are chargeable to the People.
The People contend that speedy trial time stopped running at arraignment because an adjournment in the absence of an expressed objection by the defendant must be considered a consent adjournment. However, consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of responsibility for that portion of the delay. (People v Liotta, 79 NY2d 841.) On February 18, the defense filed motions, and the time stopped running to give the People time to answer. The 41 days between January 8 and February 18 are chargeable to the People. On February 27, the People announced ready and the time stopped running against the People.
The time between February 27, 1987, and March 7, 1988, is attributable to several factors including defense motions, defense requests, and substitution of defense counsel. None of this time is chargeable to the People.
On March 7, 1988, after a bench conference, the court adjourned the case to March 14, and charged the seven-day period to the People. On March 14, the People requested an adjournment. The court adjourned to April 4 and again charged the adjournment to the People for a total of 21 days.
The one-week adjournment from April 4 to April 11 appears to be court-set. The adjournment from April 11 to April 28 is attributable to the absence of defense counsel. The reasons for the adjournment on April 28 are unclear. The adjournment was to May 12. The number of days to which it is unclear who is to be charged are 14.
On May 12, there was an adjournment to June 20, 1988. While the People claim that the reasons for this adjournment are unclear, the minutes afford no other conclusion but the People’s lack of readiness. It is certainly clear, from the People’s own memorandum of law, that the court admonished the People to be ready on the next date. These 39 days are chargeable to the People.
On June 20, the People were not ready. The six days between June 20 and June 26 are chargeable to the People.
*670 On June 26, the People were again not ready and the court dismissed the case. At this point, 181 days were chargeable to the People. (While the Appellate Division subsequently found that speedy trial time had not yet run, this was before the Liotta decision [supra], which requires that 41 days be charged to the People that would not previously have been so charged in the absence of an objection by the defense.)
The People served their notice of appeal on August 29, 1988. The defense asserts that the time between the dismissal and the filing of this notice is chargeable to the People. However, it is clear that a reasonable time period to file a timely appeal is excludable (CPL 460.10).
On July 9, 1990, the Appellate Division reversed the dismissal and reinstated the case. (People v Roesch, 163 AD2d 429 [2d Dept 1990].) On July 12, the People were served with the court’s decision. Allowing a reasonable period of delay for the appeal (CPL 30.30 [4] [a]), none of the time between the dismissal and July 12, 1990, is chargeable to the People.
Pursuant to CPL 30.30 (5) (a), following an appeal, a criminal action is deemed to have commenced, for 30.30 purposes, on the date an order directing a "retrial” is final. This section does not apply here, however, as the appeal was not taken following a mistrial or conviction, but actually concerned the issue again at bar, dismissal on speedy trial grounds due to the People’s lack of readiness for trial, which had not been established at the time the appeal was taken. Therefore, while the People cannot be charged for the time taken in prosecuting their appeal, once the appeal was decided and notice was given, the clock continued to run.
On October 10, 1990, the case was recalendared. The People contend that the time between July 12, 1990, and October 10, 1990, is not chargeable to the People (citing as authority People v Chang, 176 AD2d 951 [2d Dept 1991]). Chang dealt with the question of to whom a 150-day delay in restoring a case to calendar following the dismissal of a defendant’s proceeding pursuant to CPLR article 78 was chargeable. In Chang, the People were not charged for the delay, but that case is clearly distinguishable. In Chang, the People had announced their readiness prior to defendant’s commencement of the proceeding. The Chang court noted (supra, at 952), "The mere fact that the case was not restored to the court’s calendar had no bearing on the People’s readiness to proceed. There is simply nothing else in the record to indicate that the *671 People were not ready to proceed.” In contrast, in the case at bar, the People had become unready prior to the dismissal of the indictment and, in fact, it was the People’s lack of readiness that caused the dismissal and appeal. (In fact, it is not clear to this court when, if ever, the People have announced "ready” subsequent to their success on appeal. Since neither side has taken issue on this point, and this court did not get the case until recently, the decision of the court assumes, as the parties appear to assume, that the People were ready for trial at some point following the recalendaring of the case, notwithstanding their subsequent requests for adjournment.)
The facts in this case are far more analogous to People v Tramontano (NYLJ, Nov. 9, 1979, at 13, col 1 [Suffolk County Ct]). In Tramontano, the Appellate Division had made an order reversing the defendant’s conviction and ordering a new trial on November 6, 1978. The matter next appeared on the Trial Calendar on June 18, 1979. The court found the defendant had done nothing to cause the delay from the date of the Appellate Division order reversing the judgment of the County Court until the case appeared on the Trial Calendar. As in the instant case, in Tramontano, the People did not indicate they were ready for trial during this entire period. In Tramontano, the People had made token efforts to inquire as to when the case would appear on the calendar; there is no indication of even token efforts in the instant matter. In Tramontano, the court found the lengthy delay in recalendaring chargeable to the People. This court also finds the delay of 90 days in recalendaring the case for trial following notice of their success on appeal to be chargeable to the People. (See also, People v McCaskey, 67 AD2d 1010 [2d Dept 1979].)
Except for the seven-day adjournment from November 2, 1990, to November 9, 1990, which is endorsed as being at the request of the District Attorney, and the 13-day period from April 23 to May 6, 1991, which the People concede results from an adjournment at the People’s request, there is no contention that any of the time between October 10, 1990, and June 18, 1991, is chargeable to the People. The adjournment of June 18 is, according to the court’s endorsements, at the request of the defense so that the time between June 18, 1991 and July 3, 1991, can also not be charged to the People. However, as of July 3, 1991, 291 days are properly charged to the People. Clearly, the motion to dismiss on speedy trial grounds must be granted.
It is further noted, moreover, that the defense alleges delays *672 of an additional 144 days chargeable to the People stemming from a failure to produce the defendant on four different occasions between July 3 and December 18, 1991, when the defendant was incarcerated in an institution located in Nassau County. If the People exercised due diligence to obtain the defendant’s presence by utilizing the available statutory procedure for securing his attendance (see, CPL 560.10), then some portion of the delay attributable to the defendant’s continued confinement in an institution in another county within the State may be excluded pursuant to CPL 30.30 (4) (c). However, in order to avoid responsibility for these delays, the People must establish at a hearing that the writ demanding the defendant’s release from prison was properly served, the time of such service, and the reasons for its rejection. (See, People v Bryant, 139 AD2d 750 [2d Dept 1988]; People v Wojciechowski, 132 AD2d 586 [2d Dept 1987].) Since the time chargeable to the People far exceeds the six months provided in CPL 30.30 even if this time is not allocated to the People, it is unnecessary to hold such hearing.
The motion to dismiss is granted.