OPINION OF THE COURT
Joseph Kevin McKay, J.
The defendants have jointly moved once again for dismissals pursuant to CPL 170.30 (1) (e) and 30.30. Previously successful, the defendants suffered a reversal in the Appellate Term, which ordered the reinstatement of the action. (People v Jones, 146 Misc 2d 665, revd 151 Misc 2d 582 [App Term, 2d Dept 1991], lv denied 79 NY2d 921 [Feb. 3, 1992].)
In the first place, the defendants naturally recognize that this court will not entertain any reargument of what was decided by the Appellate Term, which decision gave the *482 prosecution an additional 41 days to be ready for trial upon a proper accusatory instrument. Secondly, the defendants also acknowledge that all the delays after the original recalendaring of the action on the Jury 7 Trial Calendar on January 10, 1992 were excludable, to obtain the presence of defendants and counsel, and for the defense to prepare again for trial. Moreover, no claim is made challenging the length of time consumed to prosecute the appeal, all of which would normally be excluded under CPL 30.30 (4) (a) in any event.
The only argument advanced by defendants, and the sole basis for this motion, is that the delay should be charged to the prosecution from the date of the Appellate Term’s decision of reversal on November 7, 1991 until the case was recalendared in Criminal Court on January 10, 1992 (citing People v Roesch, 153 Misc 2d 668 [Sup Ct, Kings County]).
An historical chronology is necessary. The order and judgment of the Appellate Term, with the accompanying memorandum decision and concurring opinion, is dated November 7, 1991. The next step in the process is the formal remission of the case by the Appellate Term to the Criminal Court. This is accomplished by action of the Clerk of the Appellate Term, who forwards copies of the required papers to the Clerk of the Appeals Bureau of the Criminal Court, thereby officially notifying the Criminal Court of its need to act in accordance with the directions of the Appellate Term. (See, CPL 470.45.) According to a signed stamp on the court papers in this case, this remission occurred on November 25, 1991.
The next step in the procedure long followed by the Criminal Court is for the Appeals Clerk, whose office is centralized in Manhattan, to prepare an order transmitting an adjudication of the Appellate Term for signature by the Supervising Judge of the Criminal Court, New York County, who also sits as an Acting Supreme Court Justice. This order formally makes the Appellate Term judgment a judgment of the Criminal Court. A set of these orders was signed by the Supervising Judge on December 4, 1991 and thereafter transmitted to the Clerk’s office of the Criminal Court, Kings County, with directions to sign one copy and return it to the Appeals Bureau.[1]
In the meantime, another appellate step was pursued by *483 defendant Mayfield’s counsel, an application for leave to appeal to the Court of Appeals, which was done by letter dated December 6, 1991. This application was ultimately denied by Judge Kaye on February 3, 1992.[2]
The aforesaid procedures set the stage for the recalendaring of the case in the appropriate Trial Court Part, generally the part where the case was last pending before the appeal was taken. This too is an administrative function of the various units of the Clerk’s office, and was accomplished with reasonable dispatch in time to be placed on the Trial Calendar for January 10, 1992. As previously noted, there followed several excludable and necessary adjournments not challenged by the defense, for the purpose, inter alla, of notifying defendants and counsel. Once the case was placed back on the Trial Calendar, the District Attorney acted expeditiously, filed a prosecutor’s information at the court’s direction and answered ready for trial promptly.
There is no statute or court rule which imposes upon the prosecution the obligation to restore to the Trial Court’s Calendar a criminal action after an appellate reversal. Indeed, any such law or rule would be contrary to the constitutional provision empowering the administrative arm of the courts to control all operational aspects of the Unified Court System (NY Const, art VI, §28; see generally, Durante v Evans, 94 AD2d 141 [3d Dept 1983], affd 62 NY2d 719 [1984]). It follows that it is solely the obligation of the trial court itself, after the entry of the appellate order or judgment, the issuance of the appellate court’s mandate and the official remission of the case, to restore the case to the Trial Court Calendar. (See, People v Chang, 176 AD2d 951 [2d Dept 1991].) The District Attorney’s office is not and should not be a part of this process and there is no factual or legal basis for the defense to claim otherwise in this case. To the extent that Roesch (supra), relied on by the defense, holds to the contrary, I decline to follow it. In any event, Roesch, and cases cited therein, are distinguishable in that they appear to rest on a negligence standard on the part of the prosecution which does not come *484 into play in the instant case.[3] In other words, a delay of many months or more in restoring a case to the Trial Court’s Calendar after an appellate decision could be said to exceed the "reasonable period” limitation of CPL 30.30 (4) (a), which might, in turn, trigger an obligation by the prosecutor to try at least to speed up the process.[4]
This, I believe is a rationale which, although unarticulated in Roesch (supra), could be used to justify that decision. However, since there was no inordinate delay in restoring the instant case to the Criminal Court Calendar, there was no obligation breached by the District Attorney and no reason to charge the prosecution with any of the time period between November 7, 1991 and January 10, 1992.
Accordingly, defendants’ motion is in all respects denied.

. It appears from the file that, although the orders were timely received in the Brooklyn Criminal Court Clerk’s office, a copy was not signed and returned, and that a second set of these orders dated January 20, 1992 was thereafter prepared, signed and sent, and these also now remain in the current court papers now before this court.

. While this appellate route was followed independent of the process of returning the case from Appellate Term to Criminal Court, and no stay was ever sought or granted (see, CPL 460.40), there is authority for permitting the People to await the disposition of such an application before proceeding in the trial court. (People v Cole, 112 AD2d 472 [3d Dept 1985].) The point is academic, however, because the District Attorney did not await the outcome of the application for leave before moving forward in Criminal Court.

. People v Roesch (153 Misc 668, 671, supra) cites People v McCaskey (67 AD2d 1010 [2d Dept 1979]), which charged the prosecution with more than a year’s delay in restoring a case to the Supreme Court Calendar after a successful appeal from the granting of a suppression motion. Aside from the excessive delay, the McCaskey decision is probably best explained as a product of a now out-moded and abandoned practice of permitting the District Attorney to control the court calendar, as the court has been informed by a former Administrative Judge was the practice in Suffolk County Supreme Court in the 1970’s. This may also explain why McCaskey has never been cited in any officially reported decision to date.

. For a discussion of the breadth and limits of "reasonable” delay in the context of appeals generally, see People v Cousart (58 NY2d 62 [1982]) and People v Cole (112 AD2d 472 [3d Dept 1985], supra).