■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGITO CONTREARAS, Appellant. [643 NYS2d 794] —Case held, decision reserved and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of numerous drug related felonies. Defendant's contention concerning the sufficiency of the evidence before the Grand Jury is not reviewable on appeal from a judgment of conviction based upon legally sufficient trial evidence (*see,* CPL 210.30 [6]; *People v Johnson*, 204 AD2d 1024, *lv*

*denied* 84 NY2d 827). We further conclude that County Court did not improperly curtail cross-examination of prosecution witnesses (*cf., People v Zawistowski,* 168 AD2d 950). The court erred, however, in summarily denying defendant's motion to dismiss the indictment pursuant to CPL 30.30 and 210.20 (1) (g). For speedy trial purposes, the action commenced on October 1, 1993, when we reversed defendant's conviction and ordered a new trial (*see,* CPL 30.30 [5] [a]). Thus, the People were required to announce their readiness for trial within six months of that date, less excludable time (*see, People v Passero,* 96 AD2d 721; *see also, People v Holmes,* 105 AD2d 803). "That the case involved a retrial following an earlier conviction does not relieve the People from compliance with the 'statement of readiness' rule" (*People v Passero, supra,* at 722).

Defendant's motion papers alleged a legal basis for dismissal of the indictment and contained sworn allegations of fact in support thereof (*see,* CPL 210.45 [5] [a], [b]); defense counsel alleged therein that the People never announced readiness for trial and that the delay of more than six months is chargeable to the People. The People asserted in response that they announced readiness on March 14, 1994, and that "[a]ll subsequent adjournments have been at the request of counsel for the defendants including substitution of counsel on [codefendant Docen-Perez]." Although the People controverted the factual basis for defendant's motion, they did not submit "unquestionable documentary proof" conclusively refuting defendant's factual allegations (CPL 210.45 [5] [c]). We therefore remit the matter for a hearing and findings of fact concerning excludable time (*see,* CPL 210.45 [6]; *People v Santos,* 68 NY2d 859; *People v Wilson,* 188 AD2d 671). We note that, as a matter of law, the People did not declare their readiness for trial on March 14, 1994 by agreeing to a trial date of April 11. "As the prosecutor must make an affirmative representation of readiness [citation omitted], he may not simply rely on the case being placed on a trial calendar" (*People v Kendzia,* 64 NY2d 331, 337). Further, the prosecutor explicitly stated on March 14 that he was new to the case and needed time to review the transcripts from the first trial.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.