■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MUNDEN, Appellant. [714 NYS2d 23] —Judgments, Supreme Court, New York County (John Bradley, J., on speedy trial motion; Bruce Allen, J., at trial, plea and sentence), rendered May 22, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years and 4 to 8 years, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The People provided reasonable assurances that the narcotics introduced at trial were the same sold by defendant to the undercover officer.

Defendant's speedy trial motion was properly denied. The record supports the motion court's findings of excludability. Specifically, the People's declaration of readiness on August 20, 1996 was not illusory, and the People were entitled to reason-

able periods of time to prepare for trial following motion practice and vacatur of defendant's bench warrants.

Defendant's ineffective assistance claim rests on matters of strategy of a type that would require expansion of the record by way of a CPL 440.10 motion. On the existing record, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant was not sentenced in violation of CPL 390.20 (1), which requires a presentence report. The sentencing court had before it a presentence report that had been recently prepared, and it may be inferred from the record that the court utilized this report as to both of defendant's cases since the cases were tracking each other, the court was thoroughly familiar with both of defendant's cases, and the sentences were imposed at the same time. Concur—Sullivan, P. J., Tom, Ellerin, Rubin and Andrias, JJ.