OPINION OF THE COURT
Cheryl E. Chambers, J.
Defendant moved for dismissal of the indictment on statu *833 tory and constitutional speedy trial grounds, and in the interest of justice. I granted defendant’s motion and informed the parties that a written decision would follow.
Procedural History
On October 24, 1995, the People[1] answered ready for trial on Kings County indictment No. 10176/94,[2] and proceeded to trial on the same day. A judgment of the Supreme Court, Kings County (Hall, J.), was rendered January 26, 1996, convicting defendant, after a jury trial, of endangering the welfare of a child, a class A misdemeanor, and imposing sentence. On June 30, 1997, the Appellate Division, Second Department, reversed the judgment of conviction and ordered a new trial (People v Blancero, 240 AD2d 754 [2d Dept 1997]). The People were granted leave to appeal to the Court of Appeals (People v Blancero, 90 NY2d 1009 [1997]). However, the Court of Appeals subsequently granted defendant’s motion to dismiss the appeal (People v Blancero, 91 NY2d 912 [1998]). The People’s motion for reargument was denied on May 12, 1998 (People v Blancero, 91 NY2d 1003 [1998]). The People were served with notice of entry of the order denying reargument on May 26, 1998.
Although the Appellate Division’s order for a new trial became final on May 12, 1998, the Kings County Supreme Court did not restore the case to the court calendar until February 1, 2000. The Clerk of the Kings County Supreme Court notified the parties that the case would appear on the Part 10 calendar on that date. On February 1, 2000, the People announced their readiness for trial on the indictment, which charged defendant, by operation of CPL 470.55 (1) (a), with endangering the welfare of a child, a class A misdemeanor. By notice of motion dated March 6, 2000, defendant moved to dismiss the indictment.
Conclusions of Law
Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of the commencement of a criminal action *834 in which the highest charge is a class A misdemeanor (People v Cooper, 90 NY2d 292, 294 [1997]). Failure to be ready within the statutory period will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded from the statutory period (People v Santos, 68 NY2d 859, 861 [1986]; People v Berkowitz, 50 NY2d 333, 339 [1980]).
“[R]eady for trial” in CPL 30.30 (1) requires two elements: “First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk” (People v Kendzia, 64 NY2d 331, 337 [1985]). Second, the People must in fact be ready to proceed at the time they declare readiness (People v Kendzia, supra, at 337). Pursuant to CPL 30.30 (5) (a), the present action is deemed to have commenced on May 12, 1998, the date the Appellate Division’s order for a new trial became final (see, People v Wilson, 86 NY2d 753, 754 [1995]; People v Holmes, 105 AD2d 803 [2d Dept 1984], lv denied 64 NY2d 760 [1984]; People v Passero, 96 AD2d 721 [4th Dept 1983] ). Hence, the People were required to be ready for trial on or before August 10, 1998.
After a retrial has been ordered, the People must announce their readiness for trial within the statutorily prescribed period that commenced when the order for a new trial became final (People v Wilson, 86 NY2d 753, 754 [1995], supra; People v Weaver, 162 AD2d 486, 487 [2d Dept 1990], lv denied 76 NY2d 868 [1990]; People v Holmes, 105 AD2d 803 [2d Dept 1984], lv denied 64 NY2d 760 [1984], supra; People v Gaggi, 104 AD2d 422 [2d Dept 1984], appeal dismissed 65 NY2d 636 [1985]; People v Contrearas, 227 AD2d 907 [4th Dept 1996]; People v Rice, 224 AD2d 971 [4th Dept 1996], lv denied 88 NY2d 883 [1996]; People v Passero, 96 AD2d 721 [4th Dept 1983], supra; People v Tamulewicz, 88 AD2d 698 [3d Dept 1982]). The People did not comply with this requirement. The People announced their readiness for trial on February 1, 2000, more than 18 months after the 90-day period had expired.
The People contend that having previously announced their readiness for trial on the indictment, and proceeded to trial, on October 24, 1995, they were not required to reannounce their readiness after the order for a new trial became final. The People argue that under People v Cortes (80 NY2d 201, 214- *835 215 [1992]), the People are required to reannounce their readiness only when there has been “a substantial break in the proceeding” during which the People are not ready for trial. (Affirmation of John D. Carroll in opposition to defendant’s motion to dismiss H 20.) In Cortes that “break” was the period between the dismissal of the first indictment and the filing of the second indictment. The People also rely on People v Chang (176 AD2d 951 [1991]), where the People were not required to reannounce their readiness for trial after the dismissal of an article 78 proceeding brought by the defendant during the pendency of the criminal action, even though there was a 150-day period when the case was off the criminal court’s calendar after the dismissal.
The People further contend that the entire period after the order for a retrial became final should be excluded since it constituted postreadiness delay. The People ascribe the cause for the delay to the failure of the Clerk of the Kings County Supreme Court to restore the case to the calendar. (Affirmation of John D. Carroll in opposition to defendant’s motion to dismiss H 15.) The People assert that such failure did not affect the People’s readiness for trial, citing Chang (176 AD2d 951, supra), where 150 days of delay while the case was off the calendar was excluded as postreadiness delay which had no bearing on the People’s readiness to proceed.
Contrary to the People’s contentions, the holdings in Cortes and Chang (supra) do not control the instant case because neither case is governed by CPL 30.30 (5) (a) or the case law interpreting that subdivision of CPL 30.30. Neither Cortes nor Chang involved a retrial. Thus, the postreadiness analysis in Cortes and Chang is inapplicable to facts of this case. For the purposes of CPL 30.30 (5) (a), “where the defendant is to be tried following * * * an order for a new trial * * * the criminal action and the commitment to the custody of the sheriff, if any, must be deemed to have commenced on the date * * * the order occasioning a retrial becomes final.” Thus, all of the time after the order for a retrial became final constitutes prereadiness delay, and court congestion does not excuse prereadiness delay (People v Brothers, 50 NY2d 413 [1980]).
It is true that, as the People contend, the District Attorney is not responsible for recalendaring cases (see, CPL 470.20 [1]; 470.45).[3] This is a court function. However, CPL 30.30 “does not govern the time within which trial must commence: it deals *836 with the subject of when the People must be ready for trial” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 167). The People are responsible for announcing their readiness for trial within a prescribed period of time. Additionally, the People are responsible for monitoring the progress of their case for speedy trial purposes (People v Fuggazzatto, 96 AD2d 538, 540 [2d Dept 1983], mod 62 NY2d 862 [1984]; People v Sims, 59 AD2d 546 [2d Dept 1977]; People v Greenwaldt, 103 AD2d 933, 934 [3d Dept 1984]).
Moreover, the People may effectively state their readiness for trial outside the presence of defendant or defense counsel and when the case is not on the court’s calender (People v Carter, 91 NY2d 795, 798 [1998] [People’s prearraignment statement of readiness at the time the indictment was filed was effective even where defendants were only notified of arraignment date by letters to their last known address]; People v Goss, 87 NY2d 792 [1996] [prearraignment notice of readiness effective where sufficient time permitted defendant’s arraignment within statutory speedy trial period]; People v Kendzia, 64 NY2d 331 [1985], supra [permitting effective statement of readiness by mailing such notice to defense counsel and the appropriate court clerk]; People v Lindsey, 248 AD2d 729 [2d Dept 1998] [People’s statement of readiness in affirmation submitted in support of motion to advance the case on the calendar was effective; court’s refusal to advance the case had no bearing on People’s readiness to proceed]; People v Fuller, 216 AD2d 695 [3d Dept 1995], lv denied 86 NY2d 873 [1995] [where People announced their readiness for trial when the indictment was filed they could not be charged with the 10-day delay in arraignment resulting from a court policy, even though the delay caused defendant to be arraigned after the six-month period expired]; People v Corley, 175 AD2d 613 [4th Dept 1991], lv denied 78 NY2d 1126 [1991] [People’s statement of readiness in open court effective even though neither defendant nor defense counsel was present, defendant’s whereabouts at that time were unknown, and he was not represented by counsel]).
Thus, in the instant case, if the People had filed a statement of readiness with the Clerk of the Kings County Supreme Court and attempted to notify defendant by sending a letter to his counsel, their obligation would have been discharged. Consequently, the People’s failure to reannounce their readiness for trial within the statutorily prescribed period requires dismissal of the indictment.
*837 In light of the foregoing determination, it is unnecessary to reach defendant’s contentions concerning dismissal on the ground that his constitutional right to a speedy trial has been violated or that the indictment should be dismissed in the interest of justice.
Accordingly, defendant’s motion to dismiss the indictment is granted.

. Richard A. Brown, the District Attorney of Queens County, was appointed Special Prosecutor, pursuant to County Law § 701, and has represented, and continues to represent, the People of the State of New York in this matter.

. The indictment originally charged the defendant with four counts of sodomy in the first degree and endangering the welfare of a child. The jury acquitted the defendant of the sodomy counts.

. Subsequent to this case, the Kings County Supreme Court instituted new procedures to ensure timely compliance with the directions of the Appellate Division pursuant to CPL 470.45.