■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BETANCOURT, Appellant. [735 NYS2d 417] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered September 14, 1999, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit (*see,* CPL 470.05 [2]). Ritter, J. P., Friedmann, Feuerstein and Crane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS BLANCERO, Respondent. [736 NYS2d 50] —Appeal by the People from an order of the Supreme Court, Kings County (Chambers, J.), dated March 29, 2001, which granted the defendant's motion to dismiss the indictment on statutory speedy trial grounds.

Ordered that the order is affirmed.

The fact that this case involved a retrial following an earlier conviction does not relieve the People from compliance with the "statement of readiness" rule (*see, People v Contrearas,* 227 AD2d 907; *People v Passero,* 96 AD2d 721).

The decision and order of this Court directing a new trial (*People v Blancero,* 240 AD2d 754) became final after the Court of Appeals dismissed the People's appeal (91 NY2d 912) and denied the People's motion to reargue the denial (91 NY2d 1003). Since the People failed to reannounce their readiness for trial within the statutorily-prescribed period (*see,* CPL 30.30 [1] [a], [b]; [5]) that commenced when the decision and order of this Court became final, the indictment must be dismissed (*see, People v Wilson,* 86 NY2d 753; *People v Weaver,* 162 AD2d 486). Altman, J. P., Smith, Adams and Prudenti, JJ., concur.