*500 OPINION OF THE COURT
Dominic R. Massaro, J.
Jose Osorio, appearing pro se, moves to vacate and set aside a jury verdict of guilty decided against him, and to dismiss the underlying indictment. He contends for the third time that the judgment was obtained in violation of his right to a speedy trial pursuant to Criminal Procedure Law § 30.30. Defendant further contends that his conviction must be overturned inasmuch as he received ineffective assistance of legal counsel. The motion is denied.
Background
On August 3, 1998, defendant was arraigned on a felony complaint based on a prior burglary incident. The charges contained in that accusatory instrument became the basis for the within indictment. Pursuant to CPL 30.30 (1) (a), the People had six months, or 184 chargeable days, to be ready for trial on said indictment.
It is uncontested that on or about and between March 3 and March 11, 2003, the trial of this indictment was conducted. At and before his trial, Mr. Osorio was represented by the Office of the Bronx Defenders. Prior to the commencement of trial, counsel moved before Justice Troy K. Webber of this court for dismissal of the indictment pursuant to CPL 30.30. The motion was defendant’s second; it was held in abeyance until the conclusion of trial.
On March 11, 2003, a jury found Mr. Osorio guilty of one count each of attempted burglary in the second degree (Penal Law §§ 140.25, 110.00) and criminal mischief in the second degree (Penal Law § 145.10). As a result, defendant, who is a persistent violent felony offender, faces a sentence of up to life imprisonment.
On the day of his conviction, Mr. Osorio renewed his second motion pursuant to CPL 30.30. On April 28, 2003, the second motion was denied. This second motion had been referred to Justice Richard Price because it was he who had previously decided defendant’s first and earlier CPL 30.30 motion and, in a written decision entered March 29, 2001, granted it and ordered the pending indictment dismissed. Justice Price found that the People had exceeded the maximum 184-day time limit in which they were required to afford Mr. Osorio a trial. The People appealed. In a decision of the Appellate Division, First Depart *501 ment, issued August 15, 2002, the dismissal was reversed, finding that the total chargeable time to the People was 177 days, seven days less than the time period allotted by statute. The appellate court directed the reinstatement of the underlying indictment and remanded the matter for trial. (See People v Osorio, 297 AD2d 231 [1st Dept 2002].)
It is attested by the People that the clerk of the court was notified by the Appellate Division of this development on August 21, 2002. Further, the record reflects that earlier on May 17, 2002, the clerk had designated a “control date” of November 7, 2002 as the officially scheduled date for the return of the case to the calendar. All parties were so notified. The November 7th date was designated at a time when the appeal was pending and still undecided; hence, the indictment’s status was still officially “dismissed.”
It is not refuted that defendant did not appear on November 7, 2002, and that a bench warrant was issued for his arrest. The People state that, despite Mr. Osorio’s failure to appear, they renewed their statement of readiness on the record. The record also establishes that earlier on September 4, 2002, the People had filed a notice of readiness for trial on the reinstated (that is, as of Aug. 15, 2002) indictment.
Defendant indicates that he was arrested on January 3, 2003 on a new shoplifting charge.[1] As a result of this arrest, the outstanding bench warrant issued on November 7, 2002 fell, and he was accordingly detained. This matter reappeared on the calendar with Mr. Osorio present on January 6, 2003; it was adjourned for the following day. On January 7, 2003, the People requested an additional week to be ready for trial. The matter was adjourned for six days, until January 13, 2003. Mr. Osorio was thereafter tried and convicted.
Argument and Discussion
This pro se petition now seeks again the dismissal of the indictment contending that there are an additional 142 days[2] chargeable to the People, which, when added to the 177 days earlier found chargeable by the Appellate Division, places the *502 People at more than 125 days beyond the maximum number allotted.
Defendant also contends, apparently for their failure to raise certain additional theories by which this claimed additional time should have been excluded under the previous motion made pursuant to CPL 30.30, that his legal counsel in this matter was so ineffective in their assistance to him that his constitutional right to a fair trial has been violated; hence, his conviction should be vacated.
The People strenuously oppose, arguing that part of Mr. Osorio’s motion which seeks to relitigate the various rulings as made by either Justice Price and/or the Appellate Division. The People point out that there is no legal authority cited to sustain the making of the instant motion at this stage of the case. Further, the People argue that there is no merit either to the factual claims or legal rationale advanced. Based on a review of the papers presented, and the extensive record, the court agrees.
It is axiomatic that, should a party wish to challenge the validity of a final ruling, order or judgment not in his or her favor, he has the right to appeal the alleged problematic ruling, order or judgment to the appropriate appellate court. It is, however, not the proper recourse where an unfavorable determination is handed down to bring on another motion covering the same issues to a second judge seeking a different outcome. Nevertheless, it appears that Mr. Osorio has placed before the court issues virtually identical to those already decided.
1. Law of the Case Doctrine
It is clear that defendant’s first motion made pursuant to CPL 30.30 and initially granted by Justice Price was reversed. It was found that defendant’s speedy trial right had not been violated for the period of time extending from his arraignment until the date when the first order granting Mr. Osorio’s initial motion was entered. (See People v Osorio, supra.)
The record establishes, and defendant does not refute, that immediately prior to trial on the reinstated indictment, Mr. Osorio made a second motion pursuant to CPL 30.30 before Justice Webber, who held that motion in abeyance until after *503 the conclusion of trial. Upon the taking of the guilty verdict, the second speedy trial motion was forwarded to Justice Price. This motion covered that period of time running from the reversal of his March 29, 2001 order to the eve of trial. The record further establishes that on April 28, 2003, Justice Price rendered a second decision denying Mr. Osorio’s second CPL 30.30 motion. This never became the subject of appeal.
Accordingly, the court finds that the prior orders of the Appellate Division (Aug. 15, 2002) and that of Justice Price (Apr. 28, 2003) constitute the “law of the case” as pertains to the speedy trial issue. Under this doctrine, upon remittal, the issues in a case previously decided in the context of an appellate court review are conclusive (see, e.g., Matter of Acres Stor. Co. v Chu, 144 AD2d 758 [3d Dept 1988], appeal dismissed 73 NY2d 914 [1989]). The Appellate Division finding that Mr. Osorio’s speedy trial rights were not violated from date of his initial arraignment through the March 29, 2001 filing of Justice Price’s first order and his April 28, 2003 second order, denying defendant’s second speedy trial motion covering the period from the reinstatement of the indictment on August 15, 2002 to the March 3, 2003 commencement of trial, so constitute the “law of the case.” (See, State of New York v Barone, 74 NY2d 332 [1989].) As such, these determinations are no longer subject to relitigation. Defendant’s motion is thus without merit.
2. Restoration is Court Function
Even were this not so, and there yet remained an unresolved issue of speedy trial, the court finds the proffered arguments and contentions unpersuasive. It is well settled that there is no statute or rule which imposes upon the prosecution the obligation to restore a criminal action after an appellate reversal. Indeed, any such law or rule would be contrary to the constitutional provision empowering the administrative arm of the courts to control all operational aspects of the Unified Court System (NY Const, art VI, § 28; see generally, Durante v Evans, 94 AD2d 141 [3d Dept 1983], affd 62 NY2d 719 [1984]).
It thereby follows that it is solely the obligation of the trial court, after the entry of an appellate order or judgment, or the issuance of the appellate mandate and the official remission of a case, to restore the case to the trial calendar. (See, People v Chang, 176 AD2d 951 [2d Dept 1991].) The Office of the District Attorney is not and should not be a part of this process as there is no legal or factual basis for it otherwise to be responsible. In other words, a delay for a “reasonable period” for restoring a *504 case to the trial calendar after an appellate decision is not within the control of the People and, generally, should not be so chargeable for CPL 30.30 purposes (see also, People v Jones, 154 Misc 2d 481 [Crim Ct, Kings County 1992]). Such is the case here respecting August 21 to November 7, 2002 (78 days). Additionally, evidence is unrefuted that the November 7, 2002 return date for the first appearance of the reinstated indictment was selected and fixed by the court at a time when all parties were notified and expected to be present. The merit of Mr. Osorio’s argument is further undercut by virtue of the fact that he absconded and failed to appear on said date. He only returned to court when the bench warrant issued for his appearance dropped after being rearrested on January 3, 2003 on new and unrelated charges (57 days). (See, e.g., People v Johnson, 271 AD2d 457 [2d Dept 2000].)
There appears to be no case directly on point dealing with the interplay found here: a defendant returned on bench warrant vis-á-vis an indictment earlier returned and reinstated following appeal. Notwithstanding, the court finds no merit to the contention that the intervening period of time between the August 21, 2002 notification to the clerk of the court that the indictment was to be reinstated, a later calendar “control date” of November 7, 2002, and the forcible return of Mr. Osorio under bench warrant on January 6, 2003, or any portion of these 135 days, should be chargeable.
3. Reasonable Preparation Time
There is a clear line of cases from both the Court of Appeals and the various departments of the Appellate Division to the effect that, after the rendering of a decision, the People are afforded a reasonable period of time in order to prepare for trial in consequence thereof which is not chargeable to them. (See, e.g., People v Munden, 276 AD2d 297 [1st Dept 2000]; People v Heine, 238 AD2d 212 [1st Dept 1997], lv denied 90 NY2d 905 [1997]; People v Robinson, 225 AD2d 399 [1st Dept 1996], lv denied 88 NY2d 884 [1996].) The court therefore finds that the total of seven days between January 6, 2003, the first date on which the defendant appeared on the reinstated indictment, and the January 13, 2003 date requested by the People, should not be chargeable to them.
Lastly, the sole contention supporting the claim of alleged ineffectiveness of counsel appearing to be centered on a claimed failure to include additional arguments of speedy trial violations in the second speedy trial motion, and the court having found *505 that these arguments are without merit, it is clear that defendant has failed to sustain his contention that his rights were violated based on any failure on the part of assigned counsel.
For all of the above reasons, defendant’s pro se motion for dismissal pursuant to CPL 30.30 is in all respects denied.

. Mr. Osorio acknowledges that he pleaded guilty to the shoplifting charges at the first appearance for a sentence of time served.

. These 142 days break down into four separately argued segments:
(a) August 21, 2002 (first notice to clerk of the court of appellate reversal) to November 7, 2002 (first day indictment reappeared on the calendar) — 78 days;
*502 (b) November 7, 2002 (bench warrant issued) to January 3, 2003 (rearrest on shoplifting charges) — 57 days;
(c) January 6, 2003 (first appearance following rearrest) adjourned to January 7, 2003 — 1 day; and
(d) January 7, 2003 (appearance postrearrest) to January 13, 2003 (time People requested to prepare) — 6 days.