Charles JONES, Petitioner–Appellant,

v.

Andrew M. CUOMO,[1] Respondent–Appellee.

No. 05–1343–pr.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York Attorney General Andrew M. Cuomo is automatically substitut-ed for former New York Attorney General Eliot L. Spitzer as respondent in this case.

Eleanor Jackson Piel, Esq., New York, NY, for Appellant.

Gina Mignola, Assistant District Attorney, for Robert M. Morgenthau, District Attorney for New York County, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. REENA RAGGI, Circuit Judges, Hon. JED S. RAKOFF, District Judge.[2]

### SUMMARY ORDER

Plaintiff Charles Jones appeals from the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. We assume the parties' familiarity with the facts and the record of somewhat complex prior proceedings, which we reference only as necessary to explain our decision.

We review the district court's denial of a petition for a writ of habeas corpus *de novo, see Jimenez v. Walker,* 458 F.3d 130, 135 (2d Cir.2006), and its findings of fact for clear error, *see Taveras v. Smith,* 463 F.3d 141, 146 (2d Cir.2006). The state court adjudications on the merits underlying Jones's habeas petition are entitled to substantial deference under the Antiter-

rorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d). As "there is no basis either in the history of the case or the opinion of the Appellate Division for believing that the claim at issue was denied on procedural or any other nonsubstantive grounds," *Dallio v. Spitzer,* 343 F.3d 553, 560 (2d Cir.2003) (internal quotation marks omitted), the Appellate Division's terse statement that Jones's arguments had been "considered and rejected" suffices to trigger AEDPA deference. *Id.*

■ At the outset, we note that Jones's appeal is not rendered moot by the fact that he has completed his state sentence. Jones filed his petition for a writ of habeas corpus while he was still in state custody, and " § 2254(a) requires only that [a] habeas petitioner be in custody under the conviction or sentence under attack at the time the petition is filed." *Wheel v. Robinson,* 34 F.3d 60, 63 (2d Cir.1994) (internal quotation marks omitted).

■ We identify no unreasonable application of federal law, nor any unreasonable determination of facts, in the state court's rejection of Jones's Sixth Amendment claim. *See* 28 U.S.C. § 2254(d)(1), (d)(2). Assuming *arguendo* that Jones's Sixth Amendment right was violated by the state trial court's failure to appoint counsel during the first eighteen months of the criminal proceeding against him, that violation was appropriately remedied by the subsequent appointment of counsel a full eleven months before trial began. *See United States v. Morrison,* 449 U.S. 361, 364–65, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) ("Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury

---

**2.** The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

suffered from the constitutional violation. . . ."); *Restrepo v. Kelly,* 178 F.3d 634, 642 (2d Cir.1999) (holding opportunity to pursue a new appeal with counsel was appropriate remedy for deprivation of appellate counsel under the Sixth Amendment). This holds true whether the Sixth Amendment violation is categorized as a structural error or a "trial error." *Cf. United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2563–64, 165 L.Ed.2d 409 (2006) (comparing structural and trial Sixth Amendment errors).

■ To the extent Jones asserts unremedied harm—namely that had counsel been appointed for him earlier, counsel would have made a successful speedy trial motion under N.Y. Criminal Procedure Law Section 30.30 on his behalf—his argument rests on a faulty legal premise. Jones would not have been entitled to relief under § 30.30(5) unless the People had waited more than six months after Judge Scheindlin's favorable ruling on Jones's first habeas petition became final to announce their readiness for trial. That is not this case. The order became final at the earliest on October 2, 1997, the day it was affirmed by the Second Circuit Court of Appeals, *see Jones v. Vacco,* 126 F.3d 408 (2d Cir.1997), and the People were ready for trial on January 21, 1998, well within six months of that date. *See People v. Holmes,* 105 A.D.2d 803, 481 N.Y.S.2d 741, 742 (N.Y.App.Div.1984) (holding in the context of § 30.30 that "the order of this court which occasioned a retrial became final when it was affirmed by the Court of Appeals on February 17, 1981 and the six-month period thus began to run on that date").

Any remaining errors claimed by Jones with respect to the ineffective assistance of his trial counsel are beyond the scope of the certificate of appealability granted in this case, which was limited to "Appellant's

Sixth Amendment claim based on the trial court's initial failure to appoint him counsel." "This Court has interpreted § 2253's [certification] requirement to preclude consideration of issues outside the certificate of appealability," *Smaldone v. Senkowski,* 273 F.3d 133, 139 (2d Cir.2001), and we identify no reason to depart from that rule in this case. *See* 28 U.S.C. § 2253(c).

Accordingly, the judgment denying the petition for a writ of habeas corpus is AFFIRMED.