■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT ASHE, Appellant. [38 NYS3d 140]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at speedy trial motion; Jill Konviser, J., at jury trial and sentencing), rendered January 8, 2013, convicting defendant of grand larceny in the second degree and 20 counts of identity theft in the first degree, and sentencing him to an aggregate term of 4 to 12 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. The only period at issue is the 40 days between this Court's order reversing defendant's original conviction (74 AD3d 503 [1st Dept 2010], *affd* 15 NY3d 909 [2010]) and the order of a Justice of this Court granting leave to the Court of Appeals. The motion court properly concluded that, because of the operation of CPL 30.30 (5) (a), this 40-day period, during which the People's leave application was pending, was not part of the time in which the People were required to be ready.

CPL 30.30 (5) (a) provides that when a defendant is to be retried following, among other things, an appellate reversal, the criminal action is deemed to have commenced for speedy trial purposes on "the date the order occasioning a retrial becomes final." Had there been no leave application, this Court's retrial order would have been final for section 30.30 (5) (a) purposes (*see People v Wilson*, 86 NY2d 753 [1995]). However, since the People pursued an appeal to the Court of Appeals, the retrial order only became final when that Court affirmed our order (*see People v Wells*, 24 NY3d 971, 973 [2014]; *People v Blancero*, 289 AD2d 501 [2d Dept 2001]).

In any event, even if the speedy trial clock had been running, the period in which the People applied for leave to appeal was excludable as a reasonable delay resulting from an appeal (*see* CPL 30.30 [4] [a]). We have considered and rejected defendant's remaining arguments. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.